**Ex parte Darrin Michael CUMMINS.**

**Nos. 2–04–572–CR, 2–04–573–CR.**

Court of Appeals of Texas, Fort Worth.

July 14, 2005.

Richard Alley, Fort Worth, for Appellant.

Tim Curry, Criminal District Atty., Charles M. Mallin, Asst. Criminal District Atty., and Chief of Appellate Section, and Andrea M. Thompson, Asst. Criminal District Atty., Fort Worth, for Appellee.

Panel B: HOLMAN, GARDNER, and McCOY, JJ.

## OPINION

BOB McCOY, Justice.

### I. Introduction

Appellant, Darrin Michael Cummins, appeals from the trial court's order denying him relief on his application for writ of habeas corpus filed pursuant to article 11.072 of the Texas Code of Criminal Procedure. In one point on appeal, Cummins contends that the trial court abused its discretion in denying him relief. We affirm.

### II. Background Facts and Procedural History

On January 21, 2004, pursuant to a plea bargain, Cummins entered a plea of guilty to the felony offense of indecency with a child. On February 9, 2004, the trial court accepted the plea of guilty, approved the plea bargain agreement, and entered an order placing Cummins on deferred adjudication community supervision. Thereafter, on September 27, 2004, Cummings filed an application for writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure arguing that his guilty plea was involuntary because it was the result of the ineffective assistance of counsel. In the writ, Cummins asserts that his trial counsel erroneously advised him that his plea of guilty and placement on deferred adjudication would not affect his employment, and that his trial counsel neither advised him that he could appeal the order nor of the relevant time limits for appeal.

On November 1, 2004, the State filed a written response arguing that Cummins's writ should be denied because he had presented no evidence of ineffective assistance. Attached to the State's response was a sworn affidavit from Cummins's trial counsel asserting, among other things, that she did not advise Cummins that his employment would not be affected and that Cummings had made no indication that he wanted to appeal. The State also attached to its response proposed findings of fact and conclusions of law. On November 16, 2004, the trial court signed an order denying Cummins relief on his application for habeas corpus and adopting the State's findings of fact and conclusions of law. This appeal followed.

### III. Discussion

In his sole point on appeal, Cummins contends that the trial court abused its discretion in denying him the relief sought in his writ of habeas corpus because the trial court failed to follow the standard or comply with the procedures for hearing and evaluation of writs of habeas corpus brought pursuant to article 11.072 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 11.072 (Vernon 2005). Specifically, Cummins asserts that the trial court erroneously applied the standard and procedures for evaluating post-conviction writs filed under article 11.07 of the code of criminal procedure, not the standard and procedures for writs filed under article 11.072 where the applicant seeks relief from an order or judgment of

conviction ordering community supervision. *See id.* arts. 11.07, 11.072. He argues that unlike article 11.07, article 11.072 does not authorize the trial court to consider the State's response or any attachments thereto in evaluating the application, but instead "requires a hearing of some sort, whether on ordered documents or live testimony—or both, unless the application is denied as frivolous." He argues that an application for habeas corpus filed pursuant to article 11.072 is like a motion for new trial, not a post-conviction writ of habeas corpus, with respect to whether a hearing is required before the relief sought can be denied, and whether the trial court can consider the State's response and the attachments thereto in evaluating the application. He asserts that as a result of the trial court's failure to follow the correct statute he was denied his constitutional rights of due process and due course of law because he was denied the opportunity to present evidence supporting his complaint and to confront and cross-examine his former trial counsel.[1] *See* U.S. CONST. amends. V, VI, XIV; TEX. CONST. art. I, §§ 3, 10, 13, 19; TEX.CODE CRIM. PROC. ANN. arts. 1.04, 1.05, 1.051 (Vernon 2005).

## A. Standard of Review

We generally review a trial court's decision to grant or deny relief on a writ of habeas corpus under an abuse of discretion standard of review. *Ex parte Mann,* 34 S.W.3d 716, 718 (Tex.App.-Fort Worth 2000, no pet.); *Ex parte Ayers,* 921 S.W.2d 438, 440 (Tex.App.-Houston [1st Dist.] 1996, no pet.). However, "an abuse of discretion review of trial court decisions is not necessarily appropriate in the context of the application of law to facts when the decision does not turn on the credibility or demeanor of witnesses." *Ex parte Martin,* 6 S.W.3d 524, 526 (Tex.Crim.App. 1999); *see also Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997). Instead, an appellate court must conduct a de novo review when "the trial judge is not in an appreciably better position than the reviewing court to make that determination." *Guzman,* 955 S.W.2d at 87; *see also Mann,* 34 S.W.3d at 718.

## B. Statutory Construction and Analysis

■ When we interpret statutes ... we seek to effectuate the "collective" intent or purpose of the legislators who enacted the legislation. *Camacho v. State,* 765 S.W.2d 431 (Tex.Cr.App.1989). We do so because our state constitution assigns the law *making* function to the Legislature while assigning the law *interpreting* function to the Judiciary. *See* Tex. Const. art. II, § 1.

When attempting to discern this collective legislative intent or purpose, we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment. We do this because the text of the statute is the law in the sense that it is the only thing actually adopted by the legislators, probably through compromise, and submitted to the Governor for her signature. We focus on the literal text also because the text is the only *definitive* evidence of what the legislators (and perhaps the Governor) had in mind when the statute was enacted into law. There really is no other cer-

---

1. Cummins does not challenge the constitutionality of article 11.072; rather, his argument is that the trial court denied him his due process and due course of law by failing to follow article 11.072. *See* TEX.CODE CRIM. PROC. ANN. art. 11.072. Accordingly, we do not address the constitutionality of article 11.072.

tain method for determining the collective legislative intent or purpose [that] was dominant at the time of enactment. Yet a third reason for focussing [sic] on the literal text is that the Legislature is *constitutionally entitled* to expect that the Judiciary will faithfully follow the specific text that was adopted.

Thus, if the meaning of the statutory text, when read using the established canons of construction relating to such text, should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning. *Smith v. State,* 789 S.W.2d 590, 592 (Tex.Cr.App. 1990). " 'Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute.' " *Coit v. State,* 808 S.W.2d 473, 475 (Tex. Cr.App.1991) (quoting *Ex parte Davis,* 412 S.W.2d 46, 52 (Tex.Cr.App.1967)). *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991).

Article 11.072 of the Texas Code of Criminal Procedure establishes the procedures for writs of habeas corpus in felony or misdemeanor cases where the applicant seeks relief from an order or judgment of conviction ordering community supervision. Tex.Code Crim. Proc. Ann. art. 11.072, § 1. As to the procedures for the trial court's evaluation of the writ, article 11.072 provides, in relevant part:

Sec. 6. (a) Not later than the 60th day after the day on which the state's answer is filed, the trial court shall enter a written order granting or denying the relief sought in the application.

(b) In making its determination, the court may order affidavits, depositions, interrogatories or a hearing, and may rely on the court's personal recollection.

Sec. 7. (a) If the court determines from the face of the application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous. In any other case, the court shall enter a written order including findings of fact and conclusions of law. The court may require the prevailing party to submit a proposed order.

Tex.Code Crim. Proc. Ann. art. 11.072, §§ 6, 7.

On the other hand, article 11.07 of the code of criminal procedure sets forth the procedures for post-conviction writs of habeas corpus in felony non-death penalty cases. *See id.* art. 11.07, § 1. Article 11.07 provides, in relevant part:

Sec. 3. (c) Within 20 days of the expiration of the time in which the state is allowed to answer, it shall be the duty of the convicting court to decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement.... If the convicting court decides that there are no such issues, the clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which that finding was made. Failure of the court to act within the allowed 20 days shall constitute such a finding.

(d) If the convicting court decides that there are controverted, previously unresolved facts which are material to the legality of the applicant's confinement, it shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating the issues of fact to be resolved. To resolve those issues the court may order affidavits, depositions, interrogatories, and hearings, as well as using personal recollection....

*Id.* art. 11.07, § 3(c), (d).

■ In support of his contention that the trial court applied the standard and

procedures found in article 11.07, Cummins points out that the trial court, in certifying his right to appeal, indicated that the appeal was taken from a post-conviction writ. He also points out that the trial court denied him relief without a hearing on the basis of the State's response, which included the ex parte affidavit of his former trial counsel.

While it is true that the trial court, in certifying Cummins's right to appeal, indicated that the appeal was from an appealable order denying a post-conviction writ, that certification does not persuade us that the trial court applied the standard and procedures for post-convictions writs found in article 11.07. Cummins's application for habeas corpus clearly indicates that it was filed pursuant to article 11.072 of the Texas Code of Criminal Procedure, as does the State's response, and we find nothing in the trial court's order denying the requested relief, or in its findings of fact and conclusions of law, to indicate that the application was denied pursuant to any other section of the code. Nor does the trial court's denial of relief, without a hearing, based upon Cummins's application, the State's response, or the affidavit of Cummins's trial counsel, lead us to the conclusion that the trial court employed the wrong statute.

■ Contrary to Cummins's assertion, we find nothing in article 11.072 *requiring* the trial court to "order" documents or to conduct a hearing on an application for habeas corpus before rendering its decision on the relief sought. *See id.* art. 11.072. While section 6(b) clearly indicates that in making its determination the trial court *may* order affidavits, depositions, interrogatories, or a hearing, it does not *require* that the trial court do so. *See id.* art. 11.072, § 6(b). In addition, we find nothing in article 11.072 prohibiting the trial court from considering evidence filed with the application or with the State's response. *See id.* art. 11.072. In that regard, section 7 of article 11.072 refers to the trial court's consideration of "documents attached to the application," albeit in determining if the application is frivolous, but that language combined with the permissive language found in section 6 leads us to conclude that the legislature did not intend to prohibit the trial court from considering such evidence without hearing. *See id.* art. 11.072, §§ 6, 7.

■ We also find Cummins's argument that applications for habeas relief filed pursuant to article 11.072 should be treated like a motion for new trial unpersuasive. An application for habeas corpus is not like a motion for new trial in the sense that a habeas proceeding is not part of the underlying criminal prosecution against the applicant. *See Greenwell v. Court of Appeals 13th Jud. Dist.,* 159 S.W.3d 645, 650 (Tex.Crim.App.2005) (indicating a habeas proceeding is separate from the underlying criminal prosecution). In addition, we find no indication in article 11.072 that the legislature intended for the trial court to treat applications for habeas relief, filed pursuant to that article, like motions for new trial. *Compare* TEX.CODE CRIM. PROC. ANN. art. 11.072 *with* TEX. R.APP. P. 21. Further, because the language of articles 11.07 and 11.072 are very similar, we believe that the legislature intended for article 11.072 applications to be treated much like applications submitted under article 11.07. *Compare* TEX.CODE CRIM. PROC. ANN. art. 11.07 *with* TEX.CODE CRIM. PROC. ANN. art. 11.072.

■ As to the merits of Cummins's writ, to prevail on a writ of habeas corpus, the proponent must prove his allegations by a preponderance of the evidence. *See Ex parte Thomas,* 906 S.W.2d 22, 24 (Tex. Crim.App.1995); *Ex parte Adams,* 707

S.W.2d 646, 648 (Tex.Crim.App.1986); *Barnes v. State,* 70 S.W.3d 294, 301 (Tex. App.-Fort Worth 2002, pet. ref'd). Here, although Cummins alleges in his application for writ of habeas corpus that his trial counsel was ineffective, he offered no evidence supporting his allegations. He did, however, in his prayer request a hearing on the merits. The State responded that no hearing was necessary as the trial court could resolve the matter based on the record. The State pointed out that Cummins had offered no evidence of his assertions and that he bore the burden of proof. In addition, the State tendered the sworn affidavit of Cummins's trial counsel responding to the assertions in Cummins's writ. Cummins did not reply to the State's assertion that no hearing was necessary, offer any evidence controverting the sworn affidavit of his former trial counsel, or move to strike the affidavit.

Thus, based upon the evidence before the trial court at the time of its ruling, we cannot say that the trial court abused its discretion in denying Cummins relief. We overrule Cummins's sole point on appeal.

## IV. Conclusion

Having overruled Cummins's sole point on appeal, we affirm the trial court's judgment.