IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00067-CR

 

Ex
parte Jose Antonio Garcia

 

 

 



From the 18th District Court

Somervell County, Texas

Trial Court No. 18-00555

 



MEMORANDUM  Opinion










 

          Jose Antonio Garcia pled guilty to the
offense of possession of marijuana and was sentenced to two years in a state
jail facility.  The sentence was probated and Garcia was placed on community
supervision.  Over a year later, Garcia filed an application for writ of habeas
corpus under article 11.072 of the Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art. 11.072
(Vernon 2005).  The trial court denied the application and Garcia appeals. 
Because the trial court did err not in denying Garcia’s application, we affirm.

          In one issue, Garcia contends that the
trial court erred in refusing to hold a hearing on his application because the
facts alleged, if true, would entitle him to relief.  Contrary to Garcia’s
contentions, nothing in article 11.072 requires the trial court to hold
a hearing in making its determination on the application.  Ex parte Cummins,
169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.); Tex. Code Crim. Proc. Ann. art. 11.072,
Sec. 6(b) (Vernon 2005).  Further, the trial court did not refuse to
hold a hearing.  Garcia did not request a hearing on his application.  Because
the trial court is not required to have a hearing and was not asked to conduct
a hearing, it did not err in not conducting a hearing.

          Within the body of his argument,
Garcia also complains that his claim was not frivolous and the case should be
remanded so the trial court can determine the merits of his claim.  The burden
of proof in a writ of habeas corpus is on the applicant to prove his factual
allegations by a preponderance of the evidence.  Ex parte Thomas, 906
S.W.2d 22, 24 (Tex. Crim. App. 1995); Ex parte Adams, 707 S.W.2d 646,
648 (Tex. Crim. App. 1986); Ex parte Cummins, 169 S.W.3d at 757.  But
Garcia seems to argue that because he is claiming he is actually innocent based
on newly discovered evidence,[1]
the review of his writ application is governed by Ex parte Elizondo.  Ex
parte Elizondo, 947 S.W.2d 202 (Tex. Crim. App. 1996).  Pursuant to Elizondo,
when a claim of actual innocence is made in a habeas petition without an
additional claim of constitutional error at trial, the petitioner must show by
clear and convincing evidence that no reasonable juror would have convicted him
in light of the new evidence.  Id. at 209.

          Nevertheless Garcia did not uphold his
burden of proof by a preponderance of the evidence or, assuming without
deciding Elizondo applies to writs filed under article 11.072, by clear
and convincing evidence.  Garcia offered no evidence in support of the
assertion in his application that newly discovered evidence would establish his
actual innocence.  The application references an affidavit, but no affidavit is
attached to the application; nor is one in the record at all.  

          Because Garcia did not prove he was
entitled to relief, either by a preponderance of the evidence or by clear and
convincing evidence, the trial court did not err.

          Garcia’s sole issue is overruled, and
the trial court’s order denying habeas corpus relief is affirmed.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Affirmed


Opinion
delivered and filed October 4, 2006

Do
not publish 

[CR25]









[1]
Based upon the statements in Garcia’s brief, if the trial court determined
Garcia’s allegation of “newly discovered evidence” was, in fact, not newly
discovered, the trial court did not err.  See Ex parte Briggs,
187 S.W.3d 458, 465 (Tex. Crim. App. 2005).








an style="font-size: 12pt">      We abate this appeal confident that an appropriate record will be made. See Ex parte
Davis, 818 S.W.2d at 67; Hubbard v. State, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). 
The record, including the court's findings and recommendations, is due with the clerk of this
Court within thirty days after the date of this order.
 
 
                                                                                     PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal abated
Order issued and filed January 23, 2002
Do not publish