COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-464-CR

 

 

EX PARTE

 

JASON MOORE

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------      








Appellant Jason Moore appeals from the trial
court=s order
denying his application for a post-conviction writ of habeas corpus under
article 11.072 of the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 11.072, '' 1, 6
(Vernon 2005).  In a single point, Moore
contends that the trial court abused its discretion by denying his motion to
withdraw his article 11.072 application because, despite his diligent efforts,
he needed additional time to obtain necessary discovery to support his
application, namely a polygraph examination of himself.  Because we hold that the trial court did not
abuse its discretion by refusing to dismiss Moore=s
application, we will affirm.

Article 11.072 provides an opportunity for habeas
corpus relief for defendants convicted of a felony or misdemeanor and ordered
to community supervision.  See Tex. Code Crim. Proc. Ann. art. 11.072,
' 1; Ex
parte Cummins, 169 S.W.3d 752, 756 (Tex. App.CFort
Worth 2005, no pet.).  Article 11.072
provides that A[n]ot later than the 60th day
after the day on which the state=s answer
is filed, the trial court shall enter a written order granting or denying the
relief sought in the application.@  Tex.
Code Crim. Proc. Ann. art. 11.072, '
6(a).  If the trial court enters an order
denying the application in whole or in part, the applicant can appeal under
Article 44.02 of the Texas Code of Criminal Procedure or Rule 31 of the Texas
Rules of Appellate Procedure.  Id.
art. 11.072, ' 8; Arreola v. State, 207
S.W.3d 387, 390 (Tex. App.CHouston
[1st Dist.] 2006, no pet.).








Moore pleaded guilty to the offense of reckless
injury to a child, and the trial court placed him on deferred adjudication
community supervision for a period of five years.  Subsequently, Moore filed an article 11.072
application for a writ of habeas corpus alleging that he had learned of
previously undiscovered evidence showing that he may not have been responsible
for the child=s injury.  Moore=s
article 11.072 application asserted that the newly discovered evidence was Amedical
reports and evidence, including conclusions by doctors, indicating that the
injury suffered@ by the child victim occurred
prior to the date that the State alleged that Moore injured the child
victim.  The State filed a response to
Moore=s
application and submitted proposed findings of fact and conclusions of
law.  Eight days before the trial court=s
statutory deadline for ruling on Moore=s
applicationCsixty days after the State=s
responseCMoore
filed a motion to withdraw his application. 
The trial court denied Moore=s motion
to dismiss, addressed the merits of Moore=s 11.072
application without holding a hearing, adopted the State=s
proposed findings of fact and conclusions of law, and ultimately denied the
application.  Moore timely filed his
notice of appeal, and this appeal ensued.








In his sole point on appeal, Moore contends that
the trial court abused its discretion by denying his motion to withdraw his
application for an article  11.072 writ
of habeas corpus.[2]  But some statutory and case-law authority
provides that a trial court has no discretion to dismiss an article 11.072
application for a writ of habeas corpus after the State has filed a
response.  See Tex. Code Crim. Proc. Ann. art. 11.072,
' 6(a)
(providing that A[n]ot later than the 60th day
after the day on which the state=s answer
is filed, the trial court shall enter a written order granting or denying the
relief sought in the application@); Ex
parte Cozzi, 138 S.W.3d 454, 455 (Tex. App.CFort
Worth 2004, pet. ref=d) (noting that because Athe
trial court did not enter the statutorily mandated ruling but instead dismissed
the application,@ Cozzi could have filed a
petition for a writ of mandamus requesting the trial court to rule on his
application); see also Arias v. State, No. 14-04-00972-CR, 2006 WL
2071846, at *1 n.2 (Tex. App.CHouston
[14th Dist.] 2006, no pet.) (mem. op.) (not designated for publication) (noting
that Aif . . .
the trial court declined to rule on a properly filed habeas application, as
article 11.072 requires, appellant could have filed a petition for a writ of
mandamus in this court requesting that the trial judge be ordered to rule on
his application@); Ex parte Betancourt,
No. 08-05-00063-CR, 2006 WL 1875576, at * 4 (Tex. App.CEl Paso
2006, no pet.) (not designated for publication) (holding that AArticle
11.072, ' 6
expressly requires the trial court to enter a written order in every case
either denying or granting the relief sought in the application@).  For this reason, we hold that the trial court
did not abuse its discretion by denying Moore=s motion
to withdraw his article 11.072 application.

 We
overrule Moore=s sole point and affirm the
trial court=s denial of Moore=s
article 11.072 application for a writ of habeas corpus.

 

PER
CURIUM

 

 

PANEL F: WALKER, GARDNER,
and MCCOY, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)








DELIVERED: July 5, 2007                                             











[1]See Tex. R. App. P. 47.4.





[2]The trial court denied
Moore=s application for an
article 11.072 writ on its merits and adopted the State=s proposed findings of
fact and conclusions of law.  The
correctness of trial court=s ruling on the merits of Moore=s application is not
challenged on appeal.