COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-464-CR

EX PARTE

JASON MOORE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------ 

Appellant Jason Moore appeals from the trial court’s order denying his application for a post-conviction writ of habeas corpus under article 11.072 of the Texas Code of Criminal Procedure.  
See 
Tex. Code Crim. Proc. Ann.
 art. 11.072, §§ 1, 6 (Vernon 2005).  In a single point, Moore contends that the trial court abused its discretion by denying his motion to withdraw his article 11.072 application because, despite his diligent efforts, he needed additional time to obtain necessary discovery to support his application, namely a polygraph examination of himself.  Because we hold that the trial court did not abuse its discretion by refusing to dismiss Moore’s application, we will affirm.

Article 11.072 provides an opportunity for habeas corpus relief for defendants convicted of a felony or misdemeanor and ordered to community supervision.  
See 
Tex. Code Crim. Proc. Ann.
 art. 11.072, § 1; 
Ex parte Cummins
, 169 S.W.3d 752, 756 (Tex. App.—Fort Worth 2005, no pet.).  Article 11.072 provides that “[n]ot later than the 60th day after the day on which the state’s answer is filed, the trial court shall enter a written order granting or denying the relief sought in the application.”  
Tex. Code Crim. Proc. Ann.
 art. 11.072, § 6(a).  If the trial court enters an order denying the application in whole or in part, the applicant can appeal under Article 44.02 of the Texas Code of Criminal Procedure or Rule 31 of the Texas Rules of Appellate Procedure.  
Id.
 art. 11.072, § 8; 
Arreola v. State
, 207 S.W.3d 387, 390 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Moore pleaded guilty to the offense of reckless injury to a child, and the trial court placed him on deferred adjudication community supervision for a period of five years.  Subsequently, Moore filed an article 11.072 application for a writ of habeas corpus alleging that he had learned of previously undiscovered evidence showing that he may not have been responsible for the child’s injury.  Moore’s article 11.072 application asserted that the newly discovered evidence was “medical reports and evidence, including conclusions by doctors, indicating that the injury suffered” by the child victim occurred prior to the date that the State alleged that Moore injured the child victim.  The State filed a response to Moore’s application and submitted proposed findings of fact and conclusions of law.  Eight days before the trial court’s statutory deadline for ruling on Moore’s application—sixty days after the State’s response—Moore filed a motion to withdraw his application.  The trial court denied Moore’s motion to dismiss, addressed the merits of Moore’s 11.072 application without holding a hearing, adopted the State’s proposed findings of fact and conclusions of law, and ultimately denied the application.  Moore timely filed his notice of appeal, and this appeal ensued.

In his sole point on appeal, Moore contends that the trial court abused its discretion by denying his motion to withdraw his application for an article  11.072 writ of habeas corpus.
(footnote: 2)  But some statutory and case-law authority provides that a trial court has no discretion to dismiss an article 11.072 application for a writ of habeas corpus after the State has filed a response.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 11.072, § 6(a) (providing that “[n]ot later than the 60th
 day after the day on which the state’s answer is filed, the trial court shall enter a written order granting or denying the relief sought in the application”); 
Ex parte Cozzi
, 138 S.W.3d 454, 455 (Tex. App.—Fort Worth 2004, pet. ref’d)
 
(noting that because “the trial court did not enter the statutorily mandated ruling but instead dismissed the application,” Cozzi could have filed a petition for a writ of mandamus requesting the trial court to rule on his application); 
see also Arias v. State
, No. 14-04-00972-CR, 2006 WL 2071846, at *1 n.2 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (mem. op.) (not designated for publication) (noting that “if . . . the trial court declined to rule on a properly filed habeas application, as article 11.072 requires, appellant could have filed a petition for a writ of mandamus in this court requesting that the trial judge be ordered to rule on his application”); 
Ex parte Betancourt
, No. 08-05-00063-CR, 2006 WL 1875576, at * 4 (Tex. App.—El Paso 2006, no pet.) (not designated for publication) (holding that “Article 11.072, § 6 expressly requires the trial court to enter a written order in every case either denying or granting the relief sought in the application”).  For this reason, we hold that the trial court did not abuse its discretion by denying Moore’s motion to withdraw his article 11.072 application.

 We overrule Moore’s sole point and affirm the trial court’s denial of Moore’s article 11.072 application for a writ of habeas corpus.

PER CURIUM

PANEL F
: WALKER, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 5, 2007 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The trial court denied Moore’s application for an article 11.072 writ on its merits and adopted the State’s proposed findings of fact and conclusions of law.  The correctness of trial court’s ruling on the merits of Moore’s application is not challenged on appeal.