# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-10-00652-CR

---

**Ex parte Aaron Meininger**

---

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 08-1244-K368A, HONORABLE BURT CARNES, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In December 2008, appellant Aaron Meininger pleaded guilty to two counts of a three-count indictment accusing him of aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02 (West 2011). The pleas were made pursuant to a bargain by which Meininger was adjudged guilty on count one and sentenced to three years in prison, adjudication of guilt was deferred on count three and Meininger was placed on community supervision for ten years, and count two was abandoned. In June 2010, Meininger applied for a post-conviction writ of habeas corpus pursuant to article 11.072 alleging that his guilty pleas were involuntary due to ineffective assistance of counsel. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005).[1] This is an appeal from the district court's order denying relief. We affirm the order.

---

[1] This writ application relates only to the order deferring adjudication and placing appellant on community supervision. We are advised by the State that Meininger collaterally attacked his conviction on count one in an article 11.07 habeas corpus proceeding. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2010).

When a defendant challenges the voluntariness of his guilty plea on the ground that he received ineffective assistance of counsel, he must demonstrate that counsel's advice was outside the range of competence required of attorneys in criminal cases and that, had he been properly counseled, he would not have pleaded guilty and would instead have insisted on going to trial. *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). An applicant for habeas corpus relief must prove his allegations by a preponderance of the evidence. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).

No hearing was held on the writ application. Instead, the trial court instructed the parties to file affidavits. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 6(b). Affidavits were filed by Meininger's mother and his appointed trial counsel. Based on these affidavits, the trial court prepared detailed findings of fact. We defer to the trial court's findings and will uphold the court's ruling absent an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003); *Ex parte Cummins*, 169 S.W.3d 752, 755 (Tex. App.—Fort Worth 2005, no pet.).

The findings reflect that Meininger was arrested after he fired a shot outside Christopher Cavazos's residence on August 19, 2008. An argument had broken out between Meininger and the occupants of an automobile, James Robinson and Ana Reyes, who arrived after Meininger. As they drove away, appellant pulled a pistol from his pocket and fired. Cavazos told the responding officer that appellant had also pointed the pistol at him. Appellant was charged with assaulting Robinson (count one), Cavazos (count two), and Reyes (count three).

Meininger contends that his counsel was ineffective because he did not adequately investigate the facts of his case. He complains that his attorney did not speak to Cavazos until after Meininger's mother had done so. Further, Meininger asserts that counsel failed to visit the scene of the incident or personally interview any of the other witnesses, choosing instead to rely on the police offense report. Appellant does not contend, however, that the offense report was inaccurate or incomplete, nor does he cite any evidence that defense counsel failed to discover exculpatory information.

Meininger also contends that defense counsel failed to "develop and utilize" Meininger's diminished mental capacity as a defense or in mitigation of punishment. Meininger did not make this contention in his writ application. In her affidavit, however, Meininger's mother stated that Meininger "received a mental health assessment" on the day of the incident and that "the counselor circled the choice 'Bipolar D/O.'" She also stated that she told defense counsel that Meininger "received a head injury six years earlier resulting in diminished capacity." She complained that counsel did not pursue this as a possible defense or in mitigation of punishment.[2]

Counsel interviewed Meininger in the county jail. According to the court's findings, Meininger admitted firing the pistol, but he insisted that he had fired into the air. He denied pointing the pistol at anyone, including Cavazos. Counsel also examined the police offense report, which stated that apparent bullet damage had been found at a garage down the street from Cavazos's residence, in the direction in which Robinson and Reyes had driven. In counsel's opinion, this was

---

[2] Texas does not recognize diminished capacity as an affirmative defense, although a defendant may offer evidence of a mental impairment to counter the State's showing that he acted with the requisite mental state. *Jackson v. State*, 160 S.W.3d 568, 573 (Tex. Crim. App. 2005).

inconsistent with Meininger's claim that he had fired into the air and suggested that he had fired at the car as it drove away.[3]  Counsel also spoke to appellant's mother, who had recorded a conversation that she had with Cavazos after the incident.  In this conversation, Cavazos did not mention having the pistol pointed at him.  Counsel then spoke to Cavazos, who denied that Meininger had pointed the pistol at him.  Counsel brought these inconsistencies in Cavazos's statements to the attention of the prosecutor, and count two of the indictment was ultimately abandoned by the State.

Counsel advised Meininger that he had a good chance of acquittal on count two (the count that the State ultimately abandoned), but that he was likely, if not certain, to be convicted on counts one and three.  Counsel also explained to Meininger that he would likely be required to serve one-half of any prison sentence because of his use of a firearm.  Meininger told counsel to negotiate with the State in order to minimize any prison time he might serve.

The court's findings reflect that Meininger was actively involved in the plea bargaining process.  The State's initial offer was ten years in prison on count one, with the other counts to be admitted and considered pursuant to penal code section 12.45.  *See* Tex. Penal Code Ann. § 12.45 (West 2011).  Meininger rejected this offer.  The State then offered three years' imprisonment on count one, ten years' probation on count three to begin after the prison term ended, and abandonment of count two.  Meininger asked for time to consider the offer and discuss it with his family.  Meininger's mother asked counsel if the prison time could be eliminated.  Counsel

---

[3] Although the findings of fact do not mention this, Counsel's affidavit also stated that there were witnesses who reported seeing Meininger fire directly at the automobile.

returned to the prosecutor and negotiated an agreement for three years in prison on count one, ten years of deferred adjudication on count three to run concurrently, and abandonment of count two. Appellant accepted this offer.

The court found that counsel repeatedly told Meininger that he had the right to plead not guilty and have a jury trial. Counsel also explained the legal consequences of accepting the State's offer. Although the trial court's findings do not address Meininger's competence, the reporter's record from the guilty plea proceeding reflects that Meininger and his attorney discussed this matter with the trial court at that time. Meininger told the court that he had been diagnosed as bipolar and was taking medications. He also said that he had suffered some memory loss after sustaining a concussion ten years previously. Counsel told the trial court that he had discussed Meininger's mental status with jail staff and Meininger's mother. Counsel said that Meininger's mother "verified with me that in her opinion he's adequately medicated." Counsel told the court that Meininger had been "very intelligent in discussing with me plea bargain options . . . . He's well aware of the consequences of his actions today."

The trial court concluded that Meininger had failed to show that his attorney's performance was deficient. The court also concluded that Meininger had failed to show that, but for the alleged deficiencies of counsel, he would not have pleaded guilty. These conclusions are supported by the trial court's findings and the record before us. The trial court did not abuse its discretion by denying relief on Meininger's habeas corpus application.

The district court's order is affirmed.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   August 17, 2011

Do Not Publish