

# NUMBER 13-11-00135-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE SANTOS GONZALES

### On appeal from the 214th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Santos Gonzales, appeals from the trial court's order denying him relief on his application for writ of habeas corpus filed pursuant to article 11.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (Vernon 2011). By his sole issue, appellant argues the trial court abused its discretion in denying him relief. We affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On April 2, 2009, appellant was indicted with the charge of continuous sexual abuse of a young child, a first degree felony carrying a penalty of a minimum of twenty-five years of

imprisonment.  *See* TEX. PENAL CODE. ANN. § 21.02 (West 2011).  On November, 16, 2009, prior to appellant entering a plea of guilty, the child victim of the alleged sexual assault freely gave a recantation.  On November 30, 2009, pursuant to a plea bargain, appellant entered a plea of guilty to the felony offenses of aggravated sexual assault of a child and indecency with a child.  *See id.* §§ 21.11, 22.021.  The trial court accepted the guilty plea, deferred a finding of guilt, sentenced appellant to 180 days in jail and placed appellant on community supervision for a period of ten years and levied various fines totaling $5,255.00.

On January 11, 2011, after appellant had served his 180 day jail term, appellant filed an application for writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure, alleging that he received ineffective assistance of counsel.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (Vernon 2011).  In the habeas application, appellant argues that, because his trial counsel provided him with erroneous, incorrect, and misleading advice, his plea was neither voluntary nor knowingly and intelligently entered.

On February 8, 2011 the State filed a written response arguing that appellant's writ should be denied because he failed to prove his counsel's performance was deficient, the record as a whole shows a voluntary plea, and no newly discovered evidence was presented.  Attached to the State's response was a sworn affidavit from appellant's trial counsel denying the allegations that his representation fell below an objective standard of reasonableness.  Appellant's counsel asserted that he had numerous conversations with appellant concerning his case, the effects of his plea and the potential punishment stemming from such a plea.  Appellant's counsel also asserted that appellant was aware of the effects of the victim's recantation, that he was willing to try the case, and that appellant alone made the decision regarding the plea bargain agreement.  The State also attached to its response

the order of deferred adjudication, the trial court's admonishments to appellant, and appellant's signed judicial confession.

On February 10, 2012, the trial court judge, Jose Longoria, who had previously presided over appellant's earlier guilty plea, signed an order denying relief on appellant's application for habeas corpus, and found the assertions contained in the State's answer to be correct, and the habeas corpus application frivolous.

## II.    ANALYSIS

In his sole issue, appellant contends that the trial court abused its discretion by not conducting an evidentiary hearing on his application for writ of habeas corpus. We disagree.

We review a trial court's decision to grant or deny an evidentiary hearing on an article 11.072 habeas corpus application under an abuse of discretion standard. *See Ex parte Cummins*, 169 S.W.3d 752, 755 (Tex. App.—Fort Worth 2005, no pet.) (stating that no evidentiary hearing is required under article 11.072). In order to prevail on a writ of habeas corpus, the applicant must prove his allegations by a preponderance of the evidence. *Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995), *Ex parte Adams*, 768 S.W.2d 281, 287–88 (Tex. Crim. App. 1989).

Article 11.072 of the Texas Code of Criminal Procedure provides the process for habeas corpus applications wherein the applicant is seeking relief from an order or judgment of conviction ordering community supervision. TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1; *Cummins*, 169 S.W.3d at 756. The relevant statutory procedures provide:

> Sec. 6. (a) Not later than the 60th day after the day on which the state's answer is filed, the trial court shall enter a written order granting or denying the relief sought in the application.

3

(b) In making its determination, the court may order affidavits, depositions, interrogatories or a hearing, and may rely on the court's personal recollection.

Sec. 7. (a) If the court determines from the face of the application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous. In any other case, the court shall enter a written order including findings of fact and conclusions of law. The court may require the prevailing party to submit a proposed order.

TEX. CODE CRIM. PROC. ANN. art. 11.072, §§ 6, 7.

Although appellant argues that he was entitled to an evidentiary hearing, nothing in article 11.072 requires the trial court to conduct a hearing before rendering its decision on the habeas corpus relief sought. *See id.* art. 11.072. While section 6 (b) of 11.072 states a trial court *may* order, among other things, a hearing, it does not *require* the court to do so. *See id.* art. 11.072, § 6(b); *Cummins*, 169 S.W.3d at 757 (holding that nothing in article 11.072 required the trial court to hear evidence and allow appellant to cross examine former trial counsel in an application for writ of habeas corpus alleging ineffective assistance); *Ex parte Gonzalez*, 323 S.W2d 557, 558 (Tex. App.—Waco 2010, pet ref'd.) (agreeing with the conclusion in *Cummins* that no evidentiary hearing is required under article 11.072); *Ex parte Franklin*, 310 S.W.3d 918, 922–23 (Tex. App.—Beaumont 2010, no pet.) (stating that a trial court is not required to hold oral hearings when determining whether to deny an 11.072 application alleging ineffective assistance of counsel); *see also Ex parte Faulkner*, No. 09-05-478 CR, 2006 WL 3094339, *3 (Tex. App.—Beaumont 2006, pet. ref'd.) (stating the decision of whether to conduct a hearing on a article 11.072 application is entirely discretionary).

4

Article 26.13 of the Texas Code of Criminal Procedure requires a trial court to admonish a defendant, either orally or in writing, before accepting a guilty plea. *See* Tex. Code. Crim. Proc. Ann. art 26.13(a) (Vernon 2011). When a trial court substantially complies with article 26.13, it creates a prima facie showing that the defendant's guilty plea was entered knowingly and voluntarily. *See Hughes v. State*, 833 S.W.2d 137, 140 (Tex. Crim. App. 1992), *Grays v. State*, 888 S.W.2d 876, 878 (Tex. App.—Dallas 1994, no pet.). In the instant case, appellant was admonished in accordance with article 26.13, therefore creating a presumption that his guilty plea was entered knowingly and voluntarily.

Based on the information before the trial judge, including the sworn affidavit of trial counsel, the trial judge's previous knowledge of the case, and the presumption that the guilty plea was knowing and voluntary, we conclude that the trial judge could properly dispose of the ineffective assistance of counsel claim without holding an evidentiary hearing. As such, the trial court did not abuse its discretion in deciding appellant's claim without an evidentiary hearing. Accordingly, we overrule appellant's issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

Gregory T. Perkes
Justice

Do not publish.   Tex. R. App. P. 47.2(b).

Delivered and filed the
19th day of July, 2012.

5