

# NUMBER 13-10-00515-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE MELISSA ELIZABETH LUCIO A/K/A MELISSA LUCIO A/K/A MELISSA SALINAS

### On appeal from the County Court at Law No. 3 of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria Memorandum Opinion by Chief Justice Valdez

On May 16, 2007, in a separate cause to this appeal, appellant, Melissa Elizabeth Lucio a/k/a Melissa Lucio a/k/a Melissa Salinas, pleaded guilty to the offense of driving while intoxicated ("DWI"). *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2012). In that case, appellant was sentenced to 180 days' confinement and assessed a $1,000 fine. In 2009, appellant sought habeas corpus relief seeking to vacate the DWI conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 § 1 (West 2005). In this appeal, appellant challenges the trial court's denial of her application for habeas corpus relief. By three issues, appellant contends that she is entitled to habeas corpus relief

because when she pleaded guilty to the DWI, she did not knowingly and voluntarily waive her right to counsel, right to a jury trial, and right to an appeal. We affirm.

## I.    STANDARD OF REVIEW AND APPLICABLE LAW

We generally review a trial court's decision on an application for habeas corpus relief under an abuse of discretion standard of review. *See Ex parte Cummins*, 169 S.W.3d 752, 755 (Tex. App.—Fort Worth 2005, no pet.); *see also Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011) (stating that the *Guzman* standard applies to appellate review of habeas corpus proceedings).[1] An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). We consider the evidence presented in the light most favorable to the habeas court's ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). This deferential review applies even when the habeas court's factual findings are implied rather than explicit and are supported by the record. *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006). "There is less leeway in an article 11.072 context to disregard the findings of a trial court." *Ex parte Garcia*, 353 S.W.3d at 787–88.

---

[1] In *Guzman*, the court of criminal appeals stated:

> As a general rule, the appellate courts . . . should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. The appellate court . . . should afford the same amount of deference to trial courts' rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor.

*Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

II. DISCUSSION

By her first issue, appellant contends that her waiver of jury trial was void. Specifically, appellant argues that her testimony at the habeas corpus hearing "demonstrates that she did not understand what she was giving up." By her second issue, appellant contends that her waiver of counsel at the DWI plea hearing was not done knowingly, intelligently, or voluntarily.

The record shows that at the habeas corpus proceeding, the trial court took judicial notice of its entire file, reviewed the plea papers from the DWI case, reviewed the judgment from the DWI case, and reviewed the reporter's record from the DWI plea hearing.[2]

In the notice of arraignment for the DWI case contained in the habeas court's file, the judge that presided at the DWI plea hearing informed appellant that she had a right to have an attorney and that if she was unable to afford an attorney, she could contact the pretrial office for an appointment. The record reflects that at the DWI plea hearing, appellant signed a document entitled "Misdemeanor Plea of Guilty (without ATTORNEY)," representing that prior to her guilty plea, she had been "duly admonished of the nature of the charges against [her], of all [her] rights, and the consequences of entering a plea of guilty . . . ." In the document, appellant represented, among other things, that: (1) she was mentally competent; (2) she understood that she had a right to an attorney to represent her both at trial and on appeal; (3) the trial court would allow her a reasonable amount of time and an opportunity to talk with an attorney if she so

---

[2] We note that at the habeas corpus hearing, defense counsel stated that the reporter's record from the DWI plea hearing had been admitted, and he also read from portions of it. There is no indication in the habeas corpus reporter's record that the DWI reporter's record was admitted into evidence. However, our review of the habeas corpus proceeding shows that the trial court did consider the reporter's record of the DWI plea hearing when ruling on appellant's writ of habeas corpus.

desired; (4) she had a right to request an appointed attorney to represent her if the court determined that she was indigent; and (5) if she so desired, the court would allow her to reset her case so that she could hire her own attorney. Appellant further acknowledged that she understood that: (1) she had a right to a jury trial; (2) the right to compel witnesses to testify on her behalf; (3) the right to confront and cross-examine her accusers; (4) the right to be arraigned and have the charge read to her in open court; (5) the right to remain silent and not discuss the case with anyone; (6) anything that she said could be used against her; (7) she had the right to consult with an attorney either of her own choice or appointed by the trial court before she waived her right to a jury trial; (8) upon a plea of guilty, with a jury waiver, punishment may be assessed by the trial court; (9) if she was not a citizen of the United States of America, her plea of guilty may result in deportation or affect immigration status in other ways; and (10) if she were found to be guilty, the DWI case may be used to enhance her punishment if she were ever convicted of another offense. The document stated:

> I, Melissa Salinas [appellant], after being duly admonished of the nature of the charges against me, of all my rights and the consequences of entering a plea of guilty . . . hereby state in open court and in writing that: I understand the charges against me; I knowingly and voluntarily waive the abovementioned rights; committed the offense alleged in the information and I am guilty as charged. I specifically waive my right to be represented by an attorney, to consult with an attorney before I waive my right to trial by jury, and my right to be tried before a jury and ask the Court to decide all of the issues in this case upon the plea of guilty/nolo contendere entered by me. I further ask the Court to accept my plea of guilty/nolo contendere, and waiver of trial by jury and enter a judgment, and proceed to sentence me according to the law and without further delay. I understand my right to appeal this case to the Texas Courts of Appeals and my right to appointed counsel on appeal if I am indigent and cannot afford an attorney, and I specifically waive my right to appeal the Court's decision in my cause. . . .
>
> . . . .

4

> After consulting with the defendant and informing the defendant of the nature of the charges, all rights and the consequences of the plea of guilty/nolo contendere, the defendant waived arraignment and decided not to contest the case. The Court finds that the defendant is competent and that the plea was entered only after the defendant knowingly, intelligently, and voluntarily waived the right to counsel; to consult with counsel before waiving the right to trial by jury; and to a jury trial and all other rights as set out above.

The trial court from the DWI plea hearing signed the document on May 16, 2007.

The reporter's record of the plea hearing shows the judge informed appellant that she had a misdemeanor charge filed against her and that she had "valuable constitutional rights," including the "right to have an attorney represent" her. At the plea hearing, the judge told appellant that if she was not able to afford an attorney, she could request an appointed attorney at no cost to her. The judge informed appellant that she had "a right to have a jury come into court to listen to the evidence" and that the jury would "decide [her] guilt or innocence" and punishment. The judge stated that appellant had "the right to have [her] accusers testify against [her]," that she would be allowed to cross-examine her accusers, and that she had a right to bring witnesses into court to testify in her defense. The court informed appellant that she had a right to remain silent and that she had a right to "force the State to prove these allegations against [her] beyond a reasonable doubt." At the plea hearing, the judge also told appellant that if she entered a guilty plea to the charge, she was waiving her constitutional rights. Appellant indicated that she understood her constitutional rights and pleaded guilty.

Finally, the judgment on appellant's plea of guilty to DWI states, in relevant part:

> If counsel was waived, the Court found that such waiver was made knowingly, intelligently, and voluntarily. All parties announced ready for trial, and [appellant], in open court, in person after having been duly arraigned, pleaded guilty . . . to the charge in the information. [Appellant] was admonished by the Court of the range of punishment . . . . It plainly appearing to the Court that [appellant] is mentally competent and that [her] plea is free and voluntary, the said plea was by the Court received and is

5

now entered upon the Minutes of the Court as the plea herein of said [appellant]. Thereupon, [appellant], in person, in open court, having waived the right of trial by jury in writing, requested the Court to approve the waiver of jury. The Court then determined that such waiver in writing, signed by [appellant], had been filed herein before [appellant] entered [her] plea of guilty . . . and that the attorney representing the State had consented in writing to such waiver. The consent and approval of the Court for [appellant] to waive the right of trial by jury was then granted. . . .

At the habeas corpus hearing, appellant stated that she had not previously been charged with a DWI. Appellant testified that she did not know that a lawyer could have: (1) challenged some of the evidence against her in a jury trial; (2) helped her file an application for probation; (3) cross-examine witnesses against her; and (3) subpoena witnesses. Appellant indicated that she was not aware of her right to trial counsel and jury trial. Appellant testified that she remembered what happened at the plea hearing only "[a] little bit." Appellant remembered that the judge at her plea hearing had explained some constitutional rights to her; however, appellant did not remember specifically which rights were explained. Appellant remembered that when the judge asked if she understood her rights, she replied, "Yes." However, appellant claimed that she only understood her rights "[a] little bit." Appellant stated that she did not recall the judge explaining that she had a right to an attorney. Appellant did recall pleading guilty to the DWI charge and that she told the trial court she was entering her guilty plea freely and voluntarily. Appellant agreed that she was not claiming that she was not guilty of the DWI and that she pleaded guilty to DWI because she was guilty.

The documents from the DWI plea hearing indicate that the trial court determined that appellant understood her constitutional rights, and appellant signed a document stating that she had been "duly admonished of the nature of the charges against [her], of all [her] rights, and the consequences of entering a plea of guilty . . . ." The trial court stated that appellant was competent and that the plea was entered only after the

6

defendant knowingly, intelligently, and voluntarily waived the right to counsel. Finally, in its judgment, the trial court found appellant to be competent and that she waived her right to counsel knowingly, intelligently, and voluntarily. There is nothing in the record indicating that the statements made by the trial court in the judgment are false. *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1985) (op. on reh'g) (providing that the recital in the judgment that the appellant had "in writing, in open court, waived the right to a trial by jury" created a presumption of regularity that could "be overcome only when the record otherwise affirmatively reflects that error occurred" and that "that the recitations in the records of the trial court, such as a formal judgment, are binding in the absence of direct proof of their falsity"). In fact, the record supports the statements made by the trial court in the judgment. The defendant has the burden to provide evidence sufficient to overcome the presumption of the formal judgment's regularity. *Id.* at 451. Therefore, the burden rested on appellant to produce evidence sufficient to overcome the judgment's recitals. *See id.*

Here, appellant acknowledged that she did not recall the trial court's admonishment concerning her right to counsel and only remembered the plea hearing "a little bit." The reporter's record of the plea hearing clearly shows that the trial court informed appellant of all of her constitutional rights and that she indicated that she understood them. Furthermore, appellant swore to, and signed documents demonstrating that she knowingly, intelligently, and voluntarily waived her right to representation by counsel and to a jury trial. The habeas corpus trial court could have believed that, when appellant stated at the plea hearing she understood her rights and signed the plea papers, she was being truthful, and disbelieved appellant's bald

assertion that she only understood her rights "[a] little bit." *See Ex parte Wheeler*, 203 S.W.3d at 325–26.

Moreover, appellant neither alleged nor demonstrated that if she had had the assistance of counsel, she would have requested a jury trial or that she would not have pleaded guilty. In fact, appellant agreed that she was guilty of the DWI charge. Viewing the evidence in the light most favorable to the habeas court's ruling, we conclude that appellant has not met her burden of showing by a preponderance of the evidence that her waiver of counsel and waiver of jury trial were not entered intelligently, knowingly, or voluntarily.

We overrule appellant's first and second issues.[3]

### III. CONCLUSION

We affirm the trial court's order denying Lucio's writ of habeas corpus.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of April, 2013.

---

[3] At the habeas corpus hearing, appellant attempted to amend her petition to include an assertion that she did not intelligently, knowingly, or voluntarily waive her right to appeal. However, the trial court did not allow such an amendment to appellant's writ, and appellant does not complain on appeal about the denial of her amendment. Therefore, we may not consider this issue. *See* TEX. R. APP. P. 33.1(a).

On appeal, appellant attempts to challenge the denial of her writ of habeas corpus on the basis that she was not informed that the DWI charge could be used against her in future prosecutions. Specifically, appellant claims that she received the punishment of death in an unrelated case after the jury was allowed to consider her DWI charge. *See Lucio v. State*, 351 S.W.3d 878, 906 (Tex. Crim. App. 2011) (refusing to address appellant's complaint that her plea of guilty to DWI was involuntary because she failed to object to the DWI evidence at her capital murder trial). However, the trial court informed appellant in writing that the DWI case could be used to enhance her punishment if she were ever convicted of another offense. Moreover, as stated above, the trial court only considered whether appellant's waiver to a jury trial and counsel were valid. *See id.*

8