

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00343-CR

## EX PARTE JOSE ANGEL ALVARADO

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court No. 35915-CR**

## MEMORANDUM OPINION

Jose Alvarado pled guilty to the offense of burglary of a building and was sentenced to 730 days in the state jail and a fine of $1,000. Alvarado's sentence was suspended and he was placed on community supervision for three years. Alvarado filed an application for a writ of habeas corpus pursuant to article 11.072 of the code of criminal procedure alleging that his trial counsel was ineffective for failing to comply with *Padilla v. Kentucky*, 130 S. Ct. 1473, 1487 (2010), relating to the necessity of advising him of the immigration consequences of his plea of guilty. The trial court denied his application without a hearing. Alvarado complains that the trial court erred by denying his application based on ineffective assistance of counsel because "it is not clear" that

Alvarado's trial counsel properly advised him of the immigration consequences of his plea which rendered his plea involuntary. Because we find no error, we affirm the judgment of the trial court.

*Standard of Review*

An applicant for habeas corpus relief must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Scott*, 190 S.W.3d 672, 673 (Tex. Crim. App. 2006) (per curiam). In reviewing the trial court's order denying habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664. We will uphold the trial court's ruling absent an abuse of discretion. *See id*. We afford almost total deference to the trial court's determination of the historical facts that the record supports. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We likewise defer to the trial court's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *See id*.

To obtain habeas corpus relief on the ground of ineffective assistance of counsel, Alvarado must show (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *See Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473,

1482, 176 L. Ed. 2d 284 (2010); *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

A defendant has the right to effective assistance of counsel during plea proceedings. *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010). A plea of guilty or nolo contendere is not voluntary if it was made as a result of ineffective assistance of counsel. *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012).

Inaccurate advice regarding a non-citizen client's potential deportation may constitute ineffective assistance. *See Padilla*, 130 S. Ct. at 1482. When the consequences are "not succinct and straightforward," counsel's duty is to advise the defendant of the possibility that the plea may carry a risk of adverse immigration consequences. *Id*. at 1483; *Moussazadeh*, 361 S.W.3d at 691. When, however, federal immigration law clearly specifies that the defendant will be deported, counsel must affirmatively and correctly advise the defendant about immigration consequences of the plea. *See Padilla*, 130 S. Ct. at 1483; *Moussazadeh*, 361 S.W.3d at 691. If counsel fails to give the correct advice, thus satisfying the first prong of the test, then Alvarado would satisfy the second prong by showing that had he been aware of the immigration consequences, a decision to reject the plea bargain offered would have been rational under the circumstances. *See Padilla*, 130 S. Ct. at 1485.

The trial court is not required to conduct an evidentiary hearing before ruling on a writ application. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 § 6(b) (West 2005)

(allowing the trial court in ruling on the writ to order affidavits, depositions, interrogatories, a hearing, or to rely upon the trial court's own personal recollection of events). The trial court may forego a hearing and rely upon affidavits in making its determination as it did in this proceeding. *Ex parte Fassi*, 388 S.W.3d 881, 886 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.). After the filing of the application and the State's response, the trial court ordered Alvarado's trial counsel, Vance Hinds, to file an affidavit in response to Alvarado's application, and Hinds did file a responsive affidavit.

In his application, Alvarado contended that Hinds never discussed any possible immigration consequences of his plea even though Hinds knew that Alvarado was not a citizen of the United States. Hinds stated that when he became aware that Alvarado was a resident alien and concerned about deportation early in his representation of Alvarado, he informed Alvarado that he could be deported if he was convicted of a felony or certain misdemeanors. At that time, Alvarado wanted Hinds to try to get his charge reduced to a misdemeanor. Hinds further averred that he discussed the fact that Alvarado would be deported if he pled guilty when they met at every pretrial proceeding and even verified the certainty of deportation with another attorney who was familiar with immigration consequences in criminal cases. Hinds also explained that he and Alvarado each initialed the paragraph in the written admonishments

regarding the immigration consequences required by article 26.13 of the code of criminal procedure because Hinds wanted to ensure that the record showed that Alvarado understood the ramifications of his plea.

The trial court denied the application and issued written findings of fact and conclusions of law based on the affidavits. In its findings of fact, the trial court found that Hinds was known to the trial court and is a credible person. Further, the findings of fact included findings that on multiple occasions Hinds informed Alvarado that he would be deported if he pled guilty and that Alvarado understood that fact. There were also findings that the written admonishments were initialed by Alvarado and Hinds because Hinds wanted to ensure that Alvarado understood the immigration consequences of his plea. At his plea hearing, Alvarado stated that Hinds had explained the admonishments to him and he understood them.

Because the record supports the trial court's findings of fact that Hinds gave Alvarado the correct advice regarding the certainty of his deportation, we cannot conclude Alvarado met his burden to show counsel's performance fell below an objective standard of reasonableness or that his plea advice fell outside the range of competence demanded of attorneys in criminal cases. *See Strickland*, 466 U.S. at 687-88; *Harrington*, 310 S.W.3d at 458. Therefore, we find that the trial court did not abuse its discretion in denying Alvarado's habeas application. *See Kniatt*, 206 S.W.3d at 664. We overrule Alvarado's sole issue.

*Conclusion*

Having found no error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed September 19, 2013
Do not publish
[CR25]