

# NUMBER 13-13-00667-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### EX PARTE JOSE CUENCA MOTTA

### On appeal from the 24th District Court
### of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Jose Cuenca Motta challenges the trial court's denial of his application for writ of habeas corpus, which he filed after he pleaded guilty to the offense of credit card abuse and was placed on deferred-adjudication community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West, Westlaw through 2013 3d C.S.); TEX. PENAL CODE ANN. § 32.31(b), (d) (West, Westlaw through 2013 3d C.S.). By two issues, appellant argues that: the trial court erred in failing to conduct a hearing on his

application; and his guilty plea was involuntary because, with regard to the effect of his guilty plea on his immigration status, he was not properly admonished by the trial court or provided effective assistance of counsel.   We affirm.

## I.   Background

Appellant, an undocumented resident of Texas who was brought to the United States from Colombia at the age of seven by his parents, was indicted for credit card abuse in connection with his use of a stolen credit card in Victoria County.   Appellant pleaded guilty to the charged offense, and the trial court placed him on deferred-adjudication community supervision for a term of three years.   Appellant signed written admonishments prior to his plea that contained the following:   "If the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law."   In its verbal admonishments to appellant at the plea hearing, the trial court asked appellant if he read and understood the written admonishments he had signed, and appellant responded that he did.   The trial court did not verbally admonish appellant as to the potential deportation consequences of his guilty plea.

Appellant timely filed an application for writ of habeas corpus, alleging that "[s]hortly after the [trial court] signed the deferred adjudication order, immigration officers came to the home where [appellant] lives with his parents and took [him] into custody, where he remained for a period of weeks before posting bond."   Appellant claimed that he pleaded guilty

upon the representation of his counsel, Ira Perz, that deferred

2

adjudication was better than a conviction. Although he knew that [appellant] is not a citizen, at no time did Mr. Perz inform [appellant] of the immigration consequences of a guilty plea. In fact, the advice given to [appellant] is patently incorrect given the adverse consequences a guilty plea has on a non-citizen defendant's immigration status. . . .

. . . [Appellant] was never told by his attorney that the plea or the judgment of deferred adjudication could result in deportation efforts being instituted against him. Had [appellant] known or understood the possibility of deportation, even with deferred adjudication, he would never have entered the guilty plea. The failure by Mr. Perz to inform his client of the consequences of his guilty plea constitutes ineffective assistance of counsel in contravention of the Sixth Amendment to the United States Constitution and forms the basis for relief under habeas corpus.

Appellant attached his affidavit to the application, in which he averred that "the statements and allegations of the application [were] within [his] personal knowledge and are true and correct."

The State responded to appellant's application, arguing that appellant's affidavit was insufficient to prove ineffective assistance of counsel. The State attached an affidavit from appellant's trial counsel, Ira Perz, in which he averred, in relevant part, as follows:

I gave Jose Cuenca Motta the following advise [sic] in relation to the facts:

Since he did not have any legal status in the United States, there would be no way to prevent him from being deported, whether he was sentenced to a period of incarceration, probation or deferred adjudication. Also, since he admitted his involvement in the case to the police at the time that he was arrested, it would have been almost impossible to win an acquittal at trial.

I have been dealing with the immigration laws of the United States since moving here as a child. A large part of my practice consists of representation of non-citizens, whether in immigration matters or criminal cases.

I dispute the assertion by Mr. Motta in his application that I did not

3

tell him that he was subject to deportation proceedings by entering a plea of guilty. I did tell him that, and even mentioned the case of *Padilla v. Kentucky* to him.

In my opinion, the advice given to Jose Cuenca Motta was reasonably competent.

In my opinion, the advice given permitted Jose Cuenca Motta to make an informed and conscious choice in this matter.

Finally, the State argued that any deficiency by appellant's trial counsel was harmless in light of the overwhelming evidence of appellant's guilt.

The trial court denied appellant's application in the following order:

On this day came on to be considered the application for writ of habeas corpus in the above case under Code of Criminal Procedure Art. 11.072. The Court takes judicial notice of the Court's file in Cause #12-4-26,532-A and this writ file.

The Court determines it is able to make a determination without a hearing. After review of the files, the pleadings of the parties, the affidavits, and personal recollection, the Court DENIES the relief requested. The Court finds as follows:

(1)     The affidavit of Ira Perz, Jose Cuenca Motta's retained attorney at trial, is credible. Ira Perz is an attorney knowledgeable in immigration law.

(2)     Ira Perz did inform Jose Cenca [sic] Motta of the immigration consequences of pleading guilty, advising him that since he did not have any legal status in the United States, there would be no way to prevent him from being deported, whether he was sentenced to a period of incarceration, probation or deferred adjudication.

(3)     Applicant entered his plea freely and voluntarily. Ira Perz provided effective representation.

(4)     Jose Cuenca Motta also confirmed under oath when signing the Plea Memorandum in the case that he had read the Plea Memorandum, including Exhibit A and understood all the information in it. Exhibit A contains the Code of Criminal Procedure Art. 26.13 admonishments, including the consequences if defendant is not a citizen of the United States.

This appeal followed.

4

## II.   Hearing

By his first issue, appellant argues that the trial court erred in refusing to conduct an evidentiary hearing on his application.   We disagree.

We review a trial court's decision to grant or deny an evidentiary hearing on an article 11.072 habeas corpus application under an abuse of discretion standard.   *See Ex parte Cummins*, 169 S.W.3d 752, 755 (Tex. App.—Fort Worth 2005, no pet.).   Although appellant argues that he was entitled to an evidentiary hearing to prove his allegations, nothing in article 11.072 requires the trial court to conduct a hearing before rendering its decision on the habeas corpus relief sought.   *See* TEX. CODE CRIM. PROC. ANN. art. 11.072.   While section 6(b) of 11.072 states a trial court may order, among other things, a hearing, it does not require the court to do so.   *See id.* art. 11.072, § 6(b); *Cummins*, 169 S.W.3d at 757 (holding that nothing in article 11.072 required the trial court to hear evidence and allow appellant to cross examine former trial counsel in an application for writ of habeas corpus alleging ineffective assistance); *Ex parte Gonzalez*, 323 S.W.2d 557, 558 (Tex. App.—Waco 2010, pet ref'd) (same); *Ex parte Franklin*, 310 S.W.3d 918, 922–23 (Tex. App.—Beaumont 2010, no pet.) (stating that a trial court is not required to hold oral hearings when determining whether to deny an 11.072 application alleging ineffective assistance of counsel); *see also Ex parte Faulkner*, No. 09-05-00478 CR, 2006 WL 3094339, at *3 (Tex. App.—Beaumont 2006, pet. ref'd.) (mem. op., not designated for publication) (stating the decision of whether to conduct a hearing on an article 11.072 application is entirely discretionary).

Here, both appellant's application and the State's response included affidavits, which the trial court was entitled to consider as evidence.   *See* TEX. CODE CRIM. PROC.

5

ANN. art. 11.072, § 6(b); *Ex parte Thompson*, 153 S.W.3d 416, 425 (Tex. Crim. App. 2005) ("[A] reviewing court will defer to the factual findings of the trial judge even when the evidence is submitted by affidavit.") (citing *Manzi v. State*, 88 S.W.3d 240, 242–44 (Tex. Crim. App. 2002)). Having this evidence before it, we cannot conclude the trial court abused its discretion in making a decision on the application without a hearing. We overrule appellant's first issue.

### III.    Voluntariness of Plea

By his second issue, appellant argues that his guilty plea was involuntary for two reasons:    (1) the trial court failed to properly admonish appellant as to the consequences of a guilty plea and deferred-adjudication probation on appellant's immigration status; and (2) appellant's trial counsel did not adequately advise him of the deportation consequences of his guilty plea and was therefore constitutionally ineffective.

As to appellant's first argument regarding the trial court's admonishments, we conclude that he has waived our review. In his application for writ of habeas corpus, appellant complained only of his trial counsel's alleged failure to properly advise him on the consequences of his guilty plea; he made no complaint about the trial court's admonishments. When an issue is not specifically included in an application for writ of habeas corpus, the issue may not be raised for the first time on appeal. *Ex parte Torres*, 941 S.W.2d 219, 220 (Tex. App.—Corpus Christi 1996, pet. ref'd); *see* TEX. R. APP. P. 33.1(a)(1); *see also Ex parte Saldana*, 13-01-00360-CR, 2002 WL 91331, at *5 (Tex. App.—Corpus Christi Jan. 24, 2002, no pet.) (not designated for publication). Because appellant did not raise an issue concerning the trial court's admonishments in his application, we may not address it now for the first time on appeal.

6

Appellant's second argument is that his trial counsel's deficient advice regarding his risk of deportation rendered appellant's guilty plea involuntary. Appellant argues that counsel's advice was confusing and unclear; he contends that he did not understand that a deferred-adjudication order carried the same deportation risk as a conviction. Appellant argues that he would not have pleaded guilty if he had been correctly advised.

> Counsel's advice can provide assistance so ineffective that it renders a guilty plea involuntary. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970) []). A guilty plea is not knowing or voluntary if made as a result of ineffective assistance of counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980). A defendant's decision to plead guilty when based upon erroneous advice of counsel is not done voluntarily and knowingly. *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991)[;] *[s]ee also Ex parte Harrington*, 310 S.W.3d 452, 459 (Tex. Crim. App. 2010) ("When counsel's representation falls below this [*Strickland*] standard, it renders any resulting guilty plea involuntary.").

> . . . .

> To obtain habeas corpus relief on a claim of involuntary plea, an applicant must meet both prongs of the *Strickland* standard: (1) counsel's performance "was deficient; and (2) that a probability exists, sufficient to undermine our confidence in the result, that the outcome would have been different but for counsel['s] deficient performance." *Ex parte White*, 160 S.W.3d 46, 49 (Tex. Crim. App. 2004). In the context of involuntary plea, the "different outcome" is choosing not to plead and instead choosing to go to trial.

> Counsel's performance is deficient if it is shown to have fallen below an objective standard of reasonableness. *Id.* at 51; *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). The constitutionally appropriate level of reasonableness is defined by the practices and expectations of the legal community and prevailing professional norms therein. *Strickland*, at 688. In situations in which the law is not clear, counsel should advise a client that pending criminal charges may carry a risk of other serious consequences. When a serious consequence is truly clear, however, counsel has an equally clear duty to give correct advice. Both failure to provide correct information and providing incorrect information violate that duty.

7

*Ex parte Moussazadeh*, 361 S.W.3d 684, 688–89, 691 (Tex. Crim. App. 2012). Here, the law is clear that even a deferred-adjudication order subjects an undocumented defendant to deportation. *See* 8 U.S.C. § 1101(a)(48) (2012); *State v. Guerrero*, 400 S.W.3d 576, 587–88 (Tex. Crim. App. 2013) (recognizing that a guilty plea resulting in deferred adjudication is final for purposes of federal immigration law and *Padilla v. Kentucky* applies even when adjudication is deferred and the charges are later dismissed). So appellant's trial counsel's duty was to warn appellant that pleading guilty and accepting deferred-adjudication probation could result in his deportation.

Regardless, a defendant "making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Where the record does not do so, counsel is presumed effective. *Id.* A defendant's uncorroborated testimony as to such deficiencies is not sufficient to establish ineffective assistance of counsel. *Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In his application, which was supported by his affidavit, appellant contended that counsel failed to inform him that a deferred-adjudication order would subject him to deportation proceedings. On appeal, appellant also points to the trial court's admonishment that deferred adjudication is not a conviction, but rather, if appellant were to follow the rules, an "opportunity to then move on and still achieve what you want to do." Appellant contends that this admonishment combined with counsel's inadequate advice "lead [sic] [him] to believe that if he was not convicted, there could be no deportation

8

consequences to his plea."

We note first that appellant's uncorroborated assertion that trial counsel failed to correctly advise him was insufficient to show any deficiency. *See Arreola*, 207 S.W.3d at 391. The trial court would have acted reasonably in denying the application on this basis alone. But the trial court also had the benefit of defense counsel's affidavit, which directly contradicted appellant's account. *See Ex parte Skelton*, 434 S.W.3d 709, 717 (Tex. App.—San Antonio 2014, pet. ref'd) ("The habeas court is the sole finder of fact in an article 11.072 habeas proceeding, and we afford almost total deference to its determinations of historical fact that are supported by the record . . . .") (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *Ex parte Urquhart*, 170 S.W.3d 280, 283 (Tex. App.—El Paso 2005, no pet.)); *see also Ex parte Thompson*, 153 S.W.3d at 425 ("[A] reviewing court will defer to the factual findings of the trial judge even when the evidence is submitted by affidavit."). In counsel's affidavit, which was attached to the State's response, trial counsel stated that he has in-depth knowledge of immigration law and that, in this case, "there would be no way to prevent [appellant] from being deported, whether he was sentenced to a period of incarceration, probation or deferred adjudication." Counsel then stated that he told appellant that "he was subject to deportation proceedings by entering a plea of guilty." The trial court found counsel's statements credible, and although counsel's affidavit is not crystal clear, we believe that it was reasonable for the trial court to conclude from its contents that counsel advised appellant that if he pleaded guilty, he would be subject to deportation no matter the sentence imposed. We cannot conclude that trial counsel's performance was deficient in this regard; he gave the correct advice under the law. *See Ex Parte Moussazadeh*,

9

361 S.W.3d at 691; *see also Guerrero*, 400 S.W.3d at 587–88.

Lastly, appellant argues that, even if trial counsel counsel properly advised appellant, he was still deficient in recommending a guilty plea considering the dire consequences of deportation. Appellant argues that counsel should have "negotiated for a lower plea (i.e., a Class A misdemeanor) or for deferred prosecution." The record is silent as to these matters. We cannot conclude on the record before us that counsel did not pursue those options or that counsel did not have a reasonable trial strategy in choosing not to pursue those options. *See Thompson*, 9 S.W.3d at 813.

Because the trial court was entitled to believe trial counsel's version of events, we cannot conclude that appellant's guilty plea was involuntary; there was evidence that he was informed of the immigration consequences of his guilty plea. And having failed to prove any further deficiencies, we also cannot conclude that counsel was deficient in advising appellant to plead guilty to the charges and accept deferred-adjudication probation. We overrule appellant's second issue.

## IV. Conclusion

We affirm the order of the trial court denying appellant's application for writ of habeas corpus.

NELDA V. RODRIGUEZ
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the 20th
day of November, 2014.