

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00029-CR

## EX PARTE JOSE JESUS GONZALEZ

**From the 40th District Court
Ellis County, Texas
Trial Court No. 23223CR**

## O P I N I O N

Jose Jesus Gonzalez filed a habeas application under article 11.072 of the Code of Criminal Procedure seeking relief from a deferred adjudication order for indecency with a child. The court denied Gonzalez's application without a hearing. Gonzalez contends in his sole issue that the court erred by resolving controverted facts against him without first conducting an evidentiary hearing. We will affirm.

**Article 11.072**

Article 11.072, section 6 provides in pertinent part:

(a) Not later than the 60th day after the day on which the state's answer is filed, the trial court shall enter a written order granting or denying the relief sought in the application.

(b) In making its determination, the court may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection.

(c) If a hearing is ordered, the hearing may not be held before the eighth day after the day on which the applicant and the state are provided notice of the hearing.

TEX. CODE CRIM. PROC. ANN. art. 11.072, § 6(a)-(c) (Vernon 2005).[1]

Based on the language of subsection (b) alone, the Fort Worth Court of Appeals has concluded that no evidentiary hearing is required under article 11.072. *Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.). We agree with that conclusion, but we find further support for it in cases construing a similar provision in article 11.07.[2]

Article 11.07, section 3(d) provides in pertinent part, "To resolve [controverted fact] issues the court may order affidavits, depositions, interrogatories, additional forensic testing, and hearings, as well as using personal recollection." TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(d) (Vernon Supp. 2009).

This language in article 11.07, section 3(d) has long been construed to mean that a trial court is not required to conduct an evidentiary hearing to resolve controverted material fact issues in a postconviction habeas proceeding. *See Ex parte Davila*, 530 S.W.2d 543, 545 (Tex. Crim. App. 1975) (op. on reh'g); *In re Banister*, No. 07-09-00117-

---

[1] Article 11.072 provides "procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1 (Vernon 2005).

[2] Article 11.07 provides procedures for a habeas application following a felony conviction in which the applicant received a prison sentence but not the death penalty. *See id.* art. 11.07, § 1 (Vernon Supp. 2009); *Ex parte Brown*, 662 S.W.2d 3, 4 (Tex. Crim. App. 1983) (per curiam).

CV, 2009 WL 1160966, at *1 (Tex. App.—Amarillo Apr. 30, 2009, orig. proceeding) (mem. op.); *In re J.W.A.*, No. 03-03-00464-CV, 2005 WL 2574024, at *4 (Tex. App.— Austin Oct. 13, 2005, no pet.) (mem. op.).

"[W]hen a legislature reenacts a law using the same terms that have been judicially construed in a particular manner, one may reasonably infer that the legislature approved of the judicial interpretation." *State v. Medrano*, 67 S.W.3d 897, 902 (Tex. Crim. App. 2002).

### *Herrera* Claims

The Beaumont Court of Appeals has recently held that an evidentiary hearing is required under article 11.072 if the habeas applicant makes a *Herrera* claim[3] supported by newly discovered, affirmative evidence of innocence and the trial judge before whom the habeas application is pending did not preside over the applicant's trial.[4] *See Ex parte Franklin*, 310 S.W.3d 918, 921-23 (Tex. App.—Beaumont 2010, no pet.). The Beaumont Court cited *Ex parte Brown*, 205 S.W.3d 538 (Tex. Crim. App. 2006), and *Ex*

---

[3]    The Court of Criminal Appeals recognizes two types of "innocence" claims: (1) a *Herrera* claim, which is "a substantive claim in which applicant asserts his bare claim of innocence based solely on newly discovered evidence"; and (2) a *Schlup* claim, which "is a procedural claim in which applicant's claim of innocence does not provide a basis for relief, but is tied to a showing of constitutional error at trial." *Ex parte Franklin*, 72 S.W.3d 671, 675 (Tex. Crim. App. 2002) (citing *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995); *Herrera v. Collins*, 506 U.S. 390, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993)) (other citations omitted). The recantation of a witness raises a *Herrera* claim. *See id.* at 678 n.7.

[4]    The Beaumont Court expressly left open "the question of whether a habeas court is required to have a hearing when the habeas court has personal knowledge of the prior trial proceedings." *Ex parte Franklin*, 310 S.W.3d 918, 923 n.5 (Tex. App.—Beaumont 2010, no pet.). The court distinguished the Fort Worth Court's decision in *Cummins* because the applicant in *Cummins* raised an ineffective-assistance claim rather than a *Herrera* claim. *See id.* at 922-23.

*parte Franklin*, 72 S.W.3d 671 (Tex. Crim. App. 2002),[5] as compelling this conclusion. In our view, however, the cited authorities do not require an evidentiary hearing if the habeas judge is the same judge who presided over the applicant's trial, and we do not address whether an evidentiary hearing is required if a different judge is called upon to decide the habeas application.

In *Franklin*, the Court of Criminal Appeals addressed the quality of newly discovered evidence required to even raise a controverted fact issue on a *Herrera* claim.

> A conviction that results from a constitutionally error-free trial is entitled to the greatest respect. Accordingly, we hold that when an applicant asserts a *Herrera*-type claim based on newly discovered evidence, the evidence presented must constitute affirmative evidence of the applicant's innocence. Once the applicant provides such evidence, it is then appropriate to proceed with a *determination* of whether the applicant can prove by clear and convincing evidence that no reasonable juror would have convicted him in light of the newly discovered evidence.

*Franklin*, 72 S.W.3d at 677-78 (emphasis added) (citation and footnote omitted).

Later, in *Brown*, the Court of Criminal Appeals cited this paragraph in a discussion regarding an applicant's "entitlement" to a hearing on a *Herrera* claim.

> In *Ex parte Franklin*, this Court held that, before a habeas applicant is *entitled to a hearing*, the applicant must make a claim that, if true, establishes affirmative evidence of his innocence. Then, at the hearing, the trial judge assesses the witnesses' credibility, examines the "newly discovered evidence," and determines whether that "new" evidence, when balanced against the "old" inculpatory evidence, unquestionably establishes the applicant's innocence. The habeas judge then sets out findings of fact and conclusions of law, and he makes a recommendation to this Court. Upon submission to this Court, we review the factual findings with deference because the habeas judge is in the best position to

---

[5] The *Franklin* case decided by the Court of Criminal Appeals arose from the conviction of Brian Edward Franklin for aggravated sexual assault of a child in Tarrant County, while the *Franklin* case decided by the Beaumont Court of Appeals arose from the conviction of Tracy Franklin for aggravated sexual assault of a child in Jefferson County.

make credibility judgments. Even though deference is the prescribed standard, we are not bound by the habeas judge's findings, conclusions, or recommendations when they are not supported by the record.

*Brown*, 205 S.W.3d at 546 (emphasis added) (footnotes omitted).

It is not this Court's place to second guess the Court of Criminal Appeals. Nevertheless, it does not appear that that court actually subscribes to the principle that a habeas applicant is automatically entitled to a hearing if he produces affirmative evidence of innocence. For example, on May 19, 2010, the Court addressed a habeas application in which the applicant alleged ineffective-assistance claims and a claim "that he is actually innocent because the complainant recanted." *See Ex parte Culpepper*, No. WR-66,569-03, slip op. at 1 (Tex. Crim. App. May 19, 2010) (per curiam) (not designated for publication). The Court remanded the matter to the trial court for further proceedings, but did not require the trial court to conduct a hearing.

> Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order Applicant's trial counsel to respond to Applicant's claim of ineffective assistance of counsel. *The trial court may use any means set out in* TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

> *If the trial court elects to hold a hearing*, it shall determine whether Applicant is indigent. If he is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing.

> The trial court shall first make findings of fact as to: (1) whether the complainant recanted and, if so, whether her recantation is credible; (2) whether the State made a plea offer of ten years and, if so, whether that offer was timely conveyed to Applicant; and (3) whether counsel investigated the complainant's allegations. The trial court shall then make conclusions of law as to whether counsel was deficient and, if so, whether

his deficient performance prejudiced Applicant. Finally, the trial court shall make conclusions of law as to whether Applicant has established that he is actually innocent. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

*Id.*, slip op. at 1-2 (emphasis added) (citations omitted).

Therefore, we hold that an evidentiary hearing is not required under article 11.072 for a *Herrera* claim supported by newly discovered, affirmative evidence of innocence if the trial judge before whom the habeas application is pending also presided over the applicant's trial.

## Conclusion

As with article 11.07, the legislature invested trial courts with broad discretion with regard to the means by which controverted fact issues may be resolved in habeas proceedings under article 11.072. We infer that the legislature approved of the manner in which the Court of Criminal Appeals and other courts have construed this discretion under article 11.07 when the legislature chose to employ similar language in article 11.072. *See Cummins*, 169 S.W.3d at 757 ("because the language of articles 11.07 and 11.072 are very similar, we believe that the legislature intended for article 11.072 applications to be treated much like applications submitted under article 11.07"); *see also Medrano*, 67 S.W.3d at 902. Therefore, we hold that no evidentiary hearing is required by article 11.072 to resolve controverted facts if the trial judge before whom the habeas application is pending also presided over the applicant's trial. *See Cummins*, 169 S.W.3d

at 757; *see also Davila*, 530 S.W.2d at 545; *Banister*, 2009 WL 1160966, at *1; *J.W.A.*, 2005 WL 2574024, at *4.

Here, the trial court considered Gonzalez's application, the State's answer, the court's records, and the court's personal recollection before making its findings of fact. Nothing more is required.

We overrule Gonzalez's sole issue and affirm the order denying his habeas application.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed August 11, 2010
Publish
[CR25]