WITHDRAWN 04/23/15
REPLACED 04/23/15



IN THE
TENTH COURT OF APPEALS

No. 10-14-00247-CR

EX PARTE ALEJANDRO CHAVEZ RAMIREZ

From the 18th District Court
Johnson County, Texas
Trial Court No. 47308-A

MEMORANDUM OPINION

Alejandro Chavez-Ramirez pled guilty to possession of a controlled substance and was sentenced to two years in a state jail facility. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010). His sentence was suspended and Ramirez was placed on community supervision for 5 years. Ramirez was later detained by the Federal Department of Immigration and Customs Enforcement, and filed an application for writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2005). After initially setting the application for a hearing, the trial court reviewed the application, determined Ramirez to be entitled to no relief, and denied Ramirez's application as frivolous. Because the

trial court did not abuse its discretion in denying the application without a hearing, the trial court's judgment is affirmed.

Ramirez's sole issue is that the trial court erred in summarily denying Ramirez's writ petition as frivolous. In the body of his argument, however, he complains about, and supports his argument with case-law regarding, the trial court's decision to determine the writ application without a hearing.

We review a trial court's decision to grant or deny an evidentiary hearing on an article 11.072 habeas corpus application under an abuse of discretion standard. *See Ex parte Gonzalez*, 323 S.W.3d 557, 558 (Tex. App.—Waco 2010, pet. ref'd); *Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.). *See also Ex parte Godinez*, No. 10-13-00063-CR, 2014 Tex. App. LEXIS 256, 2-3 (Tex. App.—Waco Jan. 9, 2014, pet. ref'd) (not designated for publication). Nothing in article 11.072 requires the trial court to conduct a hearing before rendering its decision on the habeas-corpus relief sought. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 6(b) (West 2005) ("In making its determination, the court *may* order affidavits, depositions, interrogatories[,] or a hearing, and may rely on the court's personal recollection." (emphasis added)); *Ex parte Gonzalez*, 323 S.W.3d at 558.

In his Application for Writ of Habeas Corpus, Ramirez raised two complaints: 1) that his plea was involuntary because he did not understand (a) his right to plead not guilty and have a jury trial; (b) there were possible defenses; and (c) there were possible

"serious consequences;" and 2) that counsel provided ineffective assistance by failing to properly admonish Ramirez that his plea would "certainly or almost certainly result in deportation." No affidavits, statutory or case authority, or other evidence was included in or attached to the writ application. More importantly, the writ application was not sworn to, as required by the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. Art. 11.14 (West 2005).

It is the habeas applicant's obligation to provide a sufficient record that supports his factual allegations with proof by a preponderance of the evidence. *Ex parte Chandler*, 182 S.W.3d 350, 353 n. 2 (Tex. Crim. App. 2005). Further, if an applicant fails to follow the proper procedures outlined in Chapter 11 of the Code of Criminal Procedure, he risks failing to invoke the trial court's habeas corpus jurisdiction. *State v. Guerrero*, 400 S.W.3d 576, 584 (Tex. Crim. App. 2013) (citing *Jordan v. State*, 54 S.W.3d 783, 787 (Tex. Crim. App. 2001) ("if a probationer wishes to invoke the trial court's writ of habeas corpus jurisdiction, he must follow the proper procedures outlined in Article 11…. In the present case, appellant did not follow the procedures outlined in Article 11, and hence, the Court of Appeals did not err in failing to address his claim.")).

Ramirez did not follow the procedures outlined in Article 11. Thus, we cannot say that the trial court abused its discretion in ruling on Ramirez's application without a hearing.

Accordingly, Ramirez's sole issue is overruled, and the trial court's judgment is affirmed.


                                    TOM GRAY
                                    Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed December 31, 2014
Do not publish
[CR25]

