

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00214-CR

EX PARTE RAY LOUIS JOHNSON, JR.

On Appeal from the 62nd District Court
Hopkins County, Texas
Trial Court Nos. 0317178, 0317179, 0317180

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Ray Louis Johnson, Jr. appeals from the trial court's order denying relief on his application for a writ of habeas corpus filed pursuant to Article 11.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West Supp. 2014).

## I.      Background

After Johnson's October 2003 plea of guilty to three counts of aggravated sexual assault of a child, the trial court entered orders placing Johnson on deferred adjudication probation[1] for ten years. Thereafter, on February 21, 2005, Johnson was adjudicated guilty on each of those offenses and was sentenced to forty years' confinement for each offense. On May 15, 2014, Johnson filed an application for a writ of habeas corpus pursuant to Article 11.072 of the Texas Code of Criminal Procedure, basing his claim on his allegation that he was not competent to enter a plea of guilty in 2003 because he had ingested hydrocodone thirty minutes prior to the plea hearing, after having undergone oral surgery on the previous day.[2] Johnson also complained that his trial counsel at the time of his original guilty plea was ineffective in having permitted Johnson to enter "into a plea agreement that was neither voluntary nor knowing." Johnson presented no evidence in support of his application other than his verification and declaration (given under penalty of perjury) regarding matters alleged in the petition. The trial court held no evidentiary hearing, but entered an order dated November 17, 2014, wherein the

---

[1]Although the Legislature determined to use the term "community supervision" in lieu of the term "probation," because the trial court employed the term "probation," we will do likewise for the sake of continuity.

[2]In June 2005, Johnson filed an application for a writ of habeas corpus with the Texas Court of Criminal Appeals, likewise alleging that his plea was involuntary due to the ingestion of hydrocodone. That application was dismissed in September 2005. Johnson filed a second application for a writ of habeas corpus with the Texas Court of Criminal Appeals in January 2012. That application was dismissed in March 2012.

requested habeas corpus relief was denied; this order contained written findings of fact and conclusions of law. After having taken judicial notice of the clerk's file regarding issues relevant to the writ, the trial court found the following:

1. On October 31, 2003, Applicant's trial counsel affirmatively represented that Applicant was competent and understood the proceedings (Written Plea Admonishments).

2. The trial judge, Honorable Robert Newsom, was best suited to determine Applicant's competency at the time his plea was entered on October 31, 2003.

3. On October 31, 2003, at the time Applicant's plea was entered and accepted, the trial judge, Honorable Robert Newsom, made a finding of fact that Applicant was competent. (Written Plea Admonishments)

4. On February 21, 2005, Applicant pled True to allegations contained in the State's Motion to Proceed with Adjudication. Again on February 21, 2005, Applicant confessed that at the time of his plea on October 31, 2003, he was the same person that pled guilty, that he understood the consequences of his plea, and that he read and understood the terms and conditions of his probation.

The trial court made the following conclusions of law:

1. Applicant was competent at the time his plea was entered on October 31, 2003.

2. Applicant fully understood the consequences of his plea and placement on deferred adjudication.

3. Applicant did not raise the issue of his competency at the time he pled true to the State's Motion to Proceed with Adjudication on February 21, 2005.

4. As this Court has determined that Applicant was competent at the time of his plea, the Court further finds that Applicant's trial counsel was not ineffective.

In his sole point of error, Johnson claims that the trial court abused its discretion by failing to conduct an evidentiary hearing on his application for a writ of habeas corpus. We disagree with Johnson and determine that it was not mandatory for the trial court to have conducted such an evidentiary hearing.

## II.    Standard of Review

We review a trial court's decision to grant or deny an evidentiary hearing on an Article 11.072 habeas corpus application under an abuse of discretion standard. *See Ex parte Gonzalez*, 323 S.W.3d 557, 558 (Tex. App.—Waco 2010, pet. ref'd); *Ex parte Cummins*, 169 S.W.3d 752, 755 (Tex. App.—Fort Worth 2005, no pet.). Although Article 11.072 permits the trial court to conduct a hearing before rendering its decision on the habeas corpus relief sought, it makes no requirement that such a hearing be held. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072. Section 6(b) of this Article states that in making the determination to grant or deny the relief sought in an Article 11.072 application, "the court may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 6(b). Plainly, this Article leaves the decision of whether to conduct a hearing to the trial court's discretion. *See Cummins*, 169 S.W.3d at 757 (Article 11.072 does not require trial court to hear evidence and allow appellant to cross-examine former trial counsel in application for writ of habeas corpus alleging ineffective assistance); *Gonzalez*, 323 S.W.3d at 558 (same); *Ex parte Franklin*, 310 S.W.3d 918, 922–23 (Tex. App.—Beaumont 2010, no pet.) (trial court not required to hold hearing when determining whether to deny Article 11.072 application alleging ineffective assistance of counsel); *see also Ex parte Faulkner*, No. 09-05-00478-CR,

2006 WL 3094339, at *3 (Tex. App.—Beaumont Nov. 1, 2006, pet. ref'd) (mem. op., not designated for publication) (decision to conduct hearing on Article 11.072 application is entirely discretionary).

## III.  Analysis

Article 26.13 of the Texas Code of Criminal Procedure requires a trial court to admonish a defendant, either orally or in writing, before accepting a guilty plea.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (West Supp. 2014).  The trial court's substantial compliance with Article 26.13 creates a prima facie showing that the defendant's guilty plea was entered knowingly and voluntarily.  *See Hughes v. State*, 833 S.W.2d 137, 140 (Tex. Crim. App. 1992); *Grays v. State*, 888 S.W.2d 876, 878 (Tex. App.—Dallas 1994, no pet.).  In the instant case, the record reflects that Johnson was admonished in accord with Article 26.13, therefore creating a presumption that his guilty plea was entered knowingly and voluntarily.  Moreover, trial counsel affirmatively represented that Johnson was competent and understood the proceedings.  The trial court also had some contravening evidence before it as to Johnson's state of mind when he entered his guilty plea in the form of his application for habeas corpus relief.[3]  It is evident that the trial court discounted this evidence, though, in light of the fact that (1) Johnson raised no issue as to competency at the time of the adjudication hearing in 2005, (2) Johnson did not complain about competency until after he was imprisoned following adjudication, and

---

[3]The application states, among other things, that Johnson "underwent an oral surgery [] procedure," following which he was prescribed a ten-milligram dose of hydrocodone to be taken every four hours and twenty-five milligrams of promethazine, to be taken once a day.  On the day of the plea hearing, applicant "consumed a 10 mg dose of the narcotic Hydrocodone" approximately thirty minutes prior to the plea hearing on October 31, 2003.  The application further states that Johnson advised the trial court that he was on medication following surgery.  Johnson claims this ingestion of hydrocodone resulted in a plea that "was neither knowingly nor voluntarily entered into."

(3) Johnson received deferred adjudication probation for ten years for the offenses of aggravated sexual assault at the plea hearing in 2003.

Moreover, the trial court, in the exercise of its discretion, may well have considered the eleven-year time span between the plea hearing and the filing of the application and the effect this protracted time period may have had on a witness' ability to recollect the events of the 2003 hearing.[4]  *See Ex parte Perez*, 398 S.W.3d 206, 215–16 (Tex. Crim. App. 2013) (totality of circumstances considered in decision to apply doctrine of laches).

Considering the evidence before the trial court (including the presumption that Johnson's guilty pleas were knowingly and voluntarily made) together with the protracted time span that intervened between the original plea hearing and the filing of the application for habeas corpus relief, we cannot conclude that the trial court abused its discretion in making a decision on the application without conducting a full evidentiary hearing.[5]  *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 6(b); *Gonzalez*, 323 S.W.3d at 558; *Franklin*, 310 S.W.3d at 922–23; *Cummins*, 169 S.W.3d at 757.

---

[4]Johnson relies on *Ex parte Whistance*, No. 2-07-280-CR, 2007 WL 2891084, at *3 (Tex. App.—Fort Worth Oct. 4, 2007, pet. ref'd) (mem. op., not designated for publication).  In that case, Whistance complained that she was under the influence of methamphetamines at the time she entered her guilty plea and that her plea was, therefore, involuntary.  *Id*. at *1.  In reaching its decision to deny Whistance's application for habeas corpus relief, the trial court considered affidavit evidence.  *Id*. at *4, *8–9.  *Whistance*, an unpublished opinion with no precedential value, does not stand for the proposition that the failure to grant an evidentiary hearing under the facts presented here is an abuse of discretion.  Unlike *Whistance*, no affidavit evidence was presented to the trial court in this case.

[5]Johnson's complaint is solely restricted to the fact that the trial court did not conduct an evidentiary hearing; Johnson does not complain of the trial court's refusal to grant his application for habeas corpus relief.

## IV.     Conclusion

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     February 27, 2015
Date Decided:       March 24, 2015

Do Not Publish