

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00247-CR

## EX PARTE ALEJANDRO CHAVEZ RAMIREZ

**From the 18th District Court**
**Johnson County, Texas**
**Trial Court No. 47308-A**

## MEMORANDUM OPINION[1]

Alejandro Chavez-Ramirez pled guilty to possession of a controlled substance and was sentenced to two years in a state jail facility. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010). His sentence was suspended and Ramirez was placed on community supervision for 5 years. Ramirez was later detained by the Federal Department of Immigration and Customs Enforcement, and filed an application for writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2005). After initially setting the

---

[1] We withdraw our memorandum opinion and judgment dated December 31, 2014 and replace it with this memorandum opinion and judgment dated April 23, 2015.

application for a hearing, the trial court reviewed the application, determined Ramirez to be entitled to no relief, and denied Ramirez's application as frivolous. Because the trial court did not abuse its discretion in denying the application without a hearing, the trial court's judgment is affirmed.

Ramirez's sole issue is that the trial court erred in summarily denying Ramirez's writ petition as frivolous. In the body of his argument, however, he complains about, and supports his argument with case-law regarding, the trial court's decision to determine the writ application without a hearing.

We review a trial court's decision to grant or deny an evidentiary hearing on an article 11.072 habeas corpus application under an abuse of discretion standard. *See Ex parte Gonzalez*, 323 S.W.3d 557, 558 (Tex. App.—Waco 2010, pet. ref'd); *Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.). *See also Ex parte Godinez*, No. 10-13-00063-CR, 2014 Tex. App. LEXIS 256, 2-3 (Tex. App.—Waco Jan. 9, 2014, pet. ref'd) (not designated for publication). Nothing in article 11.072 requires the trial court to conduct a hearing before rendering its decision on the habeas-corpus relief sought. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 6(b) (West 2005) ("In making its determination, the court *may* order affidavits, depositions, interrogatories[,] or a hearing, and may rely on the court's personal recollection." (Emphasis added)); *Ex parte Gonzalez*, 323 S.W.3d at 558.

In his Application for Writ of Habeas Corpus, Ramirez raised two complaints: 1) that his plea was involuntary because he did not understand (a) his right to plead not guilty and have a jury trial; (b) there were possible defenses; and (c) there were possible "serious consequences;" and 2) that counsel provided ineffective assistance by failing to properly admonish Ramirez that his plea would "certainly or almost certainly result in deportation." The writ application was not sworn to, as required by the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. Art. 11.14 (West 2005).

If an applicant fails to follow the proper procedures outlined in Chapter 11 of the Code of Criminal Procedure, he risks failing to invoke the trial court's habeas corpus jurisdiction. *State v. Guerrero*, 400 S.W.3d 576, 584 (Tex. Crim. App. 2013) (citing *Jordan v. State*, 54 S.W.3d 783, 787 (Tex. Crim. App. 2001) ("if a probationer wishes to invoke the trial court's writ of habeas corpus jurisdiction, he must follow the proper procedures outlined in Article 11…."). In this instance, the application was not so informal so as to fail to invoke the trial court's jurisdiction. *See Jordan*, 54 S.W.3d at 786. ("functional" writ analysis adopted by prior cases reversed). In this instance, it is evident that the parties and the trial court recognized the filing as an 11.072 writ, notwithstanding the failure to comply with the statute.[2]

---

[2] Ramirez asks this Court in his motion for rehearing to dismiss the underlying proceeding for lack of jurisdiction, pursuant to *Jordan*, without prejudice to refiling his petition for writ of habeas corpus. Ramirez's motion for rehearing is denied.

The trial court considered the merits of the application without a hearing as the statute clearly provides the trial court the authority to do. *See Ex parte Gonzalez*, 323 S.W.3d 557, 558 (Tex. App.—Waco 2010, pet. ref'd). It is the habeas applicant's obligation to provide a sufficient record that supports his factual allegations with proof by a preponderance of the evidence. *Ex parte Chandler*, 182 S.W.3d 350, 353 n. 2 (Tex. Crim. App. 2005). No affidavits or other evidence was included in or attached to the writ application. Moreover, the writ application provided no statutory or case authority that suggested a hearing was required to allow the applicant to provide evidence to show he was entitled to relief. Thus, we cannot say, based on this record, that the trial court abused its discretion in ruling on Ramirez's application without a hearing.

Accordingly, Ramirez's sole issue is overruled, and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Motion for rehearing denied
Opinion delivered and filed April 23, 2015
Do not publish
[CR25]

