PD-0620-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/22/2015 4:47:17 PM
Accepted 5/26/2015 10:24:27 AM
ABEL ACOSTA
CLERK

NO. PD-\_\_\_\_\_-15

# IN THE
# COURT OF CRIMINAL APPEALS
# OF TEXAS

_____

**ALEJANDRO CHAVEZ RAMIREZ**
Appellant/Petitioner
vs.
**THE STATE OF TEXAS**,
Appellee/Respondent

_____

**APPELLANT'S PETITION FOR
DISCRETIONARY REVIEW**

_____

Cause No. 10-14-00247-CR
Court of Appeals, Tenth  District
At Waco, Texas

_____

Lawrence B. Mitchell
SBN 14217500
P.O. Box 797632
Dallas, Texas 75379
Tel. No. 214.870.3440
E-mail: judge.mitchell@gmail.com

Attorney for Petitioner/Appellant

FILED IN
COURT OF CRIMINAL APPEALS

May 26, 2015

ABEL ACOSTA, CLERK

# IDENTITY OF JUDGE, PARTIES, AND COUNSEL

PRESIDING JUDGE:    John E. Neill, Judge 18th District Court
Johnson/Somervell County, Texas

PARTIES:    Alejandro Chavez Ramirez, Appellant/Petitioner

The State of Texas, Appellee/Respondent

Counsel:    Trial counsel: Kent Poynor, 2501 Oak Lawn Ave.,
Suite 350, Dallas, Texas 75219

Appeal counsel: Kent Poynor

Petition for Discretionary Review Counsel: Lawrence B.
Mitchell, P.O. Box 797632, Dallas, Texas 75379

Trial counsel for the State: Assistant District Attorney
Trey Brown, 204 S. Buffalo, Suite 209, Cleburne,
Texas, 76033

Appellate counsel for the State: Trey Brown

Trial, Appellate and Petition counsel for the State: Dale S.
Hanna, District Attorney or his designated representative
at 204 W. Buffalo, Suite 209, Cleburne, Texas

**TABLE OF CONTENTS**

Identity of Judge, Parties, and Counsel....................................................................i

Table of Contents ........................................................................................ii

Index of Authorities........................................................................................iii

Statement Regarding Oral Argument.................................................................1

Statement of the Case....................................................................................1

Statement of Procedural History ....................................................................2

Ground for Review: .....................................................................................2

I.

> *WHETHER THE COURT OF APPEALS ERRED IN HOLDING THAT THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN RULING THAT APPELLANT'S APPLICATION FOR WRIT OF HABEAS CORPUS WAS FRIVOLOUS AND THAT HE WAS MANIFESTLY ENTITLED TO NO RELIEF*

Argument......................................................................................................3

Conclusion...................................................................................................8

Prayer for Relief............................................................................................9

Certificate of Word-Count Compliance...........................................................10

Certificate of Service...................................................................................10

Appendix ...................................................................................................1.1

# INDEX OF AUTHORITIES

**Cases:**

*Ex parte Mello*, 355 S.W.3d 827 (Tex. App. - Fort Worth 2011)............................7

*Ex parte Peterson*, 117 S.W.3d 804 (Tex. Crim. App. 2003)..................................6

*Ex. parte Roberts*, 409 S.W.3d 759 (Tex. App. - San Antonio 2013)......................6

*Ex parte Zantos-Cuebas,* 429 S.W. 3d 83 (Tex. App. Houston [1st Dist.] 2014).....7

*Guzman v. State*, 955 S.W. 2d 85 (Tex. Crim. App. 1997) ......................................7

**Statutes:**

TEX. CRIM. CODE CRIM. PROC. ANN. art. 11.072 §2 (b) (1)............................1,3

TEX. CODE CRIM. PROC. ANN. art. 11.072 §6 (b)..................................................5

TEX. CRIM. PROC. CODE ANN. art. 11.072, § 7[a])...............................................7

**Texas Rules of Appellate Procedure:**

TEX. R. APP. P. 66.3 (b)............................................................................................8

TEX. R. APP. P. 66.3 (c) ...........................................................................................8

TEX. R. APP. P. 9.4 (i) (3)........................................................................................10

TEX. R. APP. P. 9.4 (i) (1)........................................................................................10

TEX. R. APP. P. 9.4 (i) (2) (D)..................................................................................10

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant waives oral argument because the issue presented can be resolved by review of the Petition for Discretionary Review, any Response and, if the Petition is granted, on the respective briefs of the parties.

**STATEMENT OF THE CASE**

In Cause No. 47308-A, appellant pled guilty to possession of a controlled substance and was sentenced to two (2) years confinement in a state jail facility. The sentence was suspended and he was placed under community supervision for five (5) years. While under community supervision, appellant filed an Application for Writ of Habeas Corpus pursuant to the provisions of **TEX. CRIM. CODE CRIM. PROC. ANN. art. 11.072 §2 (b) (1)**.  In the Application appellant complained that his plea was involuntary for several reasons  and that he had been deprived of the effective assistance of counsel since  he was not properly admonished that he would be deported because of the conviction. The district court denied the Application without receiving evidence in any form, ruling that it was frivolous and that appellant was manifestly not entitled to relief.  Notice of appeal was timely given.

1

## STATEMENT OF PROCEDURAL HISTORY

The appeal was presented to the Court of Appeals for the Tenth District of Texas at Waco in Cause No. 10-14-00247-CR. The court issued its first memorandum opinion affirming the trial court's judgment on December 31, 2014. Appellant's Motion for Rehearing was filed on January 15, 2015. The first opinion was withdrawn and a new memorandum opinion affirming the trial court's judgment was issued on April 23, 2015. See Appendix. Appellant's Motion for Rehearing was denied in Footnote 2 of that opinion on the same date. The Petition for Discretionary Review is timely filed if filed on or before May 23, 2015.

## GROUND FOR REVIEW

I.

*WHETHER THE COURT OF APPEALS ERRED IN HOLDING THAT THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN RULING THAT APPELLANT'S APPLICATION FOR WRIT OF HABEAS CORPUS WAS FRIVOLOUS AND THAT HE WAS MANIFESTLY ENTITLED TO NO RELIEF*

**ARGUMENT**

After appellant was placed under community supervision, he filed an application for writ of habeas corpus in the convicting court challenging the legal validity of his conviction for which the community supervision had been imposed. See **TEX. CRIM. CODE CRIM. PROC. ANN. art. 11.072 §2 (b) (1)**. In the application he complained that his conviction was involuntary thus depriving him of the Due Process of Law and that he had been deprived of his constitutional right to the effective assistance of counsel in that he was not properly advised of the immigration consequences of being found guilty of the offense charged. [CR 41- 46]. The State did not file a written response to the application. See appellant's Motion for New Trial. [CR - 52].

Based upon the foregoing, the district court initially set this matter for a hearing on the merits of the complaints to commence on August 12, 2014. [CR - 47]. However, before that hearing was held, the district court issued a written order denying the application. [CR - 48]. The district court ruled that the application was frivolous and appellant was manifestly entitled to no relief. As the record demonstrates, there was no evidence presented to the district court in any form before the trial court ruled. The decision was based upon the court's review of the application and the court's "...recollection of the case."

3

In affirming the trial court's decision, the court of appeals first acknowledged that the application did present, facially, the two allegations of constitutional violations as noted above. The court of appeals noted that no affidavits or other evidence were included in or attached to the writ application. After recognizing that the habeas statute allows the trial court, in some circumstances, to consider the merits of the application without a hearing, which it clearly does, the reviewing court criticized appellant for not providing authority in his application that a "hearing" was required to allow him to present evidence. [Slip opinion at p. 4]. The court of appeals upheld the judgment of the district court because appellant did not have the statutory right to an evidentiary hearing and therefore the trial court did not abuse its discretion in denying relief.

What is not resolved in the opinion is the question of whether the trial court can deny a writ application without receiving any evidence at all. Appellant argues herein that, unless the writ application fails on its face to present at least one justiciable issue, the trial court cannot deny the application as frivolous without receiving evidence in some statutorily authorized manner.

The habeas statute authorizes the trial court, in its discretion, to determine how the evidentiary basis for the application for writ of habeas corpus can be provided; it does not provide that the trial court can resolve the justiciable issues presented in

4

the application without any evidence at all. The habeas statute provides that the trial court may make its determination to grant or deny the writ after ordering "...affidavits, depositions, interrogatories, or conduct a hearing." **TEX. CODE CRIM. PROC. ANN. art. 11.072 §6 (b)**. In addition to these methods of developing the evidence, the trial court may also rely on the court's personal recollection.  It is appellant's argument that the habeas statute gives the trial court discretion on "HOW" it  may receive evidence not "IF" it will receive evidence if the face of the of the application alleges justiciable issues. The trial court can deny the application without receiving evidence in any form only if, after reviewing the face of the application and any documents attached to the application, the trial court determines that the applicant is entitled to no relief.

In deciding this appeal, the court of appeals quite properly noted that appellant's sole issue on appeal was "...that the trial court erred in summarily denying (his) writ petition as frivolous." Slip opinion at p. 2.  However, because the majority of appellant's argument was based upon the  failure of the trial court to conduct an evidentiary hearing, the court of appeals chose to resolve  only the issue as to whether the trial court had abused its discretion by not conducting an evidentiary hearing. The court of appeals should have resolved the issue actually raised: did the district court err in determining from the face of the writ application that the writ was frivolous and

5

that appellant was not entitled to relief. If the court of appeals had attempted to resolve the issue presented, it would have done so under a different standard of review.

In the instant cause, appellant complained that the trial court entered a written order denying the writ application as frivolous which did not include written findings of fact or conclusions of law. The court of appeals should have begun its analysis of the issue presented by considering whether the trial court erred in determining "from the face of the application" that appellant was "manifestly entitled to no relief" so that his application should be declared "frivolous." The court of appeals should have reviewed *de novo* the trial court's determination that appellant's application was frivolous. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003); *Ex. parte Roberts*, 409 S.W.3d 759, 762 (Tex. App. - San Antonio 2013).

A decision of the trial court to summarily deny the applicant's writ application without an evidentiary base and only upon the review of the application and personal recollection is not an evaluation of credibility issues. Rather, it is only a legal issue: did the application, on its face, raise issues that could lead to the granting of relief. The resolution of this issue turns only upon the application of legal standards. The trial court under such circumstance is not in any appreciably better position than the court of appeals to make that determination so that *de novo* review, not abuse of

discretion review, is appropriate. See *Guzman v. State*, 955 S.W. 2d 85, 89 (Tex. Crim. App. 1997); *Ex parte Mello*, 355 S.W.3d 827, 832 (Tex. App. - Fort Worth 2011).

In *Ex parte Zantos-Cuebas,* 429 S.W. 3d 83, 88-89 (Tex. App. Houston [1st Dist.] 2014) the appellant was a non-English speaking defendant (as was appellant herein, although, unlike in *Zantos-Cuebas*, an interpreter was present). He raised, as did appellant herein, in his writ application that he was not properly admonished as to the deportation consequences of his guilty plea and conviction. He complained in his writ and supporting documents that he did not understand the consequences because of improper, informal translation. Appellant's writ referenced portions of the trial record showing that he was improperly advised about deportation consequences. In both cases the writ was denied as being frivolous.

The *Zantos-Cuebas* court properly determined, under *de novo* review, that "...the face of the writ application and affidavits [did] not indicate that Zantos–Cuebas was 'manifestly entitled to no relief.' Accordingly, it was error for the trial judge to find that the application was frivolous." (citing to **TEX. CRIM. PROC. CODE ANN. art. 11.072, § 7[a]**). *Ex parte Zantos-Cuebas*, 429 S.W.3d at 90 -91.The case was remanded to the trial court for further development of the factual record.

In the instant cause, the writ application alleged, facially, that appellant's plea

was involuntary and that he was improperly admonished as to the deportation consequences of his plea. The application referenced several portions of the trial record which he believed established that he had not been properly admonished. The district court erred in ruling that from the review of the application and its own personal recollection that this writ application was "frivolous."

The court of appeals erred in using an inapplicable standard of review in determining that the trial court had not abused its discretion in finding the application "frivolous." Under proper *de novo* standards, the court of appeals should have ruled that the writ application was not frivolous from a review of the face of the document and reversed and remanded the case to the trial court for further review and for the entry of findings of facts and conclusions of law.

## CONCLUSION

The court of appeals has decided an important question of state law that conflicts with the applicable decisions of the Court of Criminal Appeals and the decisions of other court of appeals on the same issue. See **TEX. R. APP. PROC. 66.3 (a) and (c)**. More specifically, the court of appeals as adopted a standard of review, "the abuse of discretion rule," whereas the Court of Criminal Appeals and the courts of appeals have held that a *de novo* review should be conducted on a habeas issue that is only a question of law. An appropriate reason for this Honorable Court to grant this

8

Petition for Discretionary Review has been presented.

# PRAYER FOR RELIEF

**WHEREFORE FOR THE FOREGOING REASONS**, Appellant prays that the Petition for Discretionary Review  be granted  and  that further briefing by the parties should be ordered. Thereafter, the case should be reversed and remanded to the court of appeals for review of the issue presented under the proper standard of appellate review.

Respectfully submitted,

/s/Lawrence B. Mitchell

Lawrence B. Mitchell
SBN 14217500
P.O. Box 797632
Dallas, Texas 75379
214.870.3440
judge.mitchell@gmail.com

Counsel for Petitioner/Appellant

**CERTIFICATE OF WORD-COUNT COMPLIANCE**

I hereby certify, in compliance with Rule 9.4 (i) (3) of the Texas Rules of Appellate Procedure, that this document contains 1,781 words, including all contents except for the sections of the Petition to be excluded by Rule 9.4 (i) (1) of the Texas Rules of Appellate Procedure, and in compliance with Rule 9.4 (i) (2)(D) of the Texas Rules of Appellate Procedure.

/s/ Lawrence B. Mitchell

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Petition for Discretionary Review is being served of this the 22nd day of May, 2015 via the service function in eFile Texas, on the attorneys for the State: (1) Trey Brown,  Assistant District Attorney, Johnson County County, Texas to Trey@johnsoncountytx.org and (2) the State Prosecuting Attorney at information@spa.texas.gov.

/s/ Lawrence B. Mitchell

10

# APPENDIX

Court of Appeals of Texas,
Waco.
Ex parte Alejandro Chavez Ramirez

No. 10–14–00247–CR
Opinion delivered and filed April 23, 2015

From the 18th District Court
Johnson County, Texas
Trial Court No. 47308–A

## MEMORANDUM OPINION[1]

Alejandro Chavez–Ramirez pled guilty to possession of a controlled substance and was sentenced to two years in a state jail facility. See Tex. Health & Safety Code Ann. § 481.115(b) (West 2010). His sentence was suspended and Ramirez was placed on community supervision for 5 years. Ramirez was later detained by the Federal Department of Immigration and Customs Enforcement, and filed an application for writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005). After initially setting the application for a hearing, the trial court reviewed the application, determined

---

[1] We withdraw our memorandum opinion and judgment dated December 31, 2014 and replace it with this memorandum opinion and judgment dated April 23, 2015.

1.1

Ramirez to be entitled to no relief, and denied Ramirez's application as frivolous. Because the trial court did not abuse its discretion in denying the application without a hearing, the trial court's judgment is affirmed.

Ramirez's sole issue is that the trial court erred in summarily denying Ramirez's writ petition as frivolous. In the body of his argument, however, he complains about, and supports his argument with case-law regarding, the trial court's decision to determine the writ application without a hearing.

We review a trial court's decision to grant or deny an evidentiary hearing on an article 11.072 habeas corpus application under an abuse of discretion standard. See Ex parte Gonzalez, 323 S.W.3d 557, 558 (Tex. App.–Waco 2010, pet. ref'd); Ex parte Cummins, 169 S.W.3d 752, 757 (Tex. App.–Fort Worth 2005, no pet.). See also Ex parte Godinez, No. 10–13–00063–CR, 2014 Tex. App. LEXIS 256, 2–3 (Tex. App.–Waco Jan. 9, 2014, pet. ref'd) (not designated for publication). Nothing in article 11.072 requires the trial court to conduct a hearing before rendering its decision on the habeas-corpus relief sought. See Tex. Code Crim. Proc. Ann. art. 11.072, § 6(b) (West 2005) ("In making its determination, the court may order affidavits, depositions, interrogatories[,] or a hearing, and may rely on the court's personal recollection." (Emphasis added)); Ex parte Gonzalez, 323 S.W.3d at 558.

In his Application for Writ of Habeas Corpus, Ramirez raised two complaints:

1.2

1) that his plea was involuntary because he did not understand (a) his right to plead not guilty and have a jury trial; (b) there were possible defenses; and (c) there were possible "serious consequences;" and 2) that counsel provided ineffective assistance by failing to properly admonish Ramirez that his plea would "certainly or almost certainly result in deportation." The writ application was not sworn to, as required by the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. Art. 11.14 (West 2005).

If an applicant fails to follow the proper procedures outlined in Chapter 11 of the Code of Criminal Procedure, he risks failing to invoke the trial court's habeas corpus jurisdiction. State v. Guerrero, 400 S.W.3d 576, 584 (Tex. Crim. App. 2013) (citing Jordan v. State, 54 S.W.3d 783, 787 (Tex. Crim. App. 2001) ("if a probationer wishes to invoke the trial court's writ of habeas corpus jurisdiction, he must follow the proper procedures outlined in Article 11...."). In this instance, the application was not so informal so as to fail to invoke the trial court's jurisdiction. See Jordan, 54 S.W.3d at 786. ("functional" writ analysis adopted by prior cases reversed). In this instance, it is evident that the parties and the trial court recognized the filing as an 11.072 writ, notwithstanding the failure to comply with the statute.[2]

---

[2] Ramirez asks this Court in his motion for rehearing to dismiss the underlying proceeding for lack of jurisdiction, pursuant to Jordan, without prejudice to refiling his petition for writ of habeas corpus. Ramirez's motion for rehearing is denied.

The trial court considered the merits of the application without a hearing as the statute clearly provides the trial court the authority to do. See Ex parte Gonzalez, 323 S.W.3d 557, 558 (Tex. App.–Waco 2010, pet. ref'd). It is the habeas applicant's obligation to provide a sufficient record that supports his factual allegations with proof by a preponderance of the evidence. Ex parte Chandler, 182 S.W.3d 350, 353 n. 2 (Tex. Crim. App. 2005). No affidavits or other evidence was included in or attached to the writ application. Moreover, the writ application provided no statutory or case authority that suggested a hearing was required to allow the applicant to provide evidence to show he was entitled to relief. Thus, we cannot say, based on this record, that the trial court abused its discretion in ruling on Ramirez's application without a hearing.

Accordingly, Ramirez's sole issue is overruled, and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
Justice Davis and
Justice Scoggins