

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00378-CR

## EX PARTE JOSE J. LOPEZ

**From the 85th District Court
Brazos County, Texas
Trial Court No. 10-01439-CRF-85-A**

## MEMORANDUM OPINION

Jose Lopez appeals from the trial court's order denying his application for writ of habeas corpus. We affirm.

**Background Facts**

Lopez pleaded guilty to the offense of attempted delivery of a controlled substance to a minor. The trial court accepted Lopez's guilty plea, deferred adjudication of guilt, and placed Lopez on community supervision for five years with a $1000 fine. Lopez filed an application for writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure alleging that his trial counsel provided ineffective assistance of counsel by failing to inform him of the immigration consequences of his plea. *See* TEX.

CODE CRIM. PRO. ANN. art. 11.072 (West 2015). The trial court ordered Lopez's trial counsel to file an affidavit responding to the allegations, and trial counsel complied. The trial court denied Lopez's application for writ of habeas corpus without an evidentiary hearing.

## Ineffective Assistance

In his first issue, Lopez argues that the trial court erred in denying his application for writ of habeas corpus because his trial counsel rendered ineffective assistance of counsel. Lopez contends that his trial counsel failed to advise him that his "plea of guilty would make him preemptively deportable, and did not fully advise him of the significant immigration consequences of a plea to a controlled substance offense."

A plea of guilty is not voluntary if it was made as a result of ineffective assistance of counsel. *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012). To obtain habeas-corpus relief on the ground of ineffective assistance of counsel, appellant must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *See Padilla v. Kentucky*, 559 U.S. 356, 366, 130 S. Ct. 1473, 1482, 176 L. Ed. 2d 284 (2010); *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064-65, 80 L. Ed. 2d 674 (1984). A defendant has the right to effective assistance of counsel during plea proceedings. *Ex Parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010). In the context of a complaint about counsel's plea advice, appellant must show: (1) counsel's plea advice did not fall within the range of competence demanded of attorneys in criminal cases; and (2) there is a reasonable probability that, but for counsel's deficient

performance, appellant would have insisted on going to trial rather that accepting the offer and pleading guilty. *Id*.

To satisfy his burden under the first prong of the test, appellant must overcome the strong presumption that counsel's performance fell within the wide range of reasonable professional assistance and might be considered sound trial strategy. *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. at 2065; *Ex Parte Harrington*, 310 S.W.3d at 458. Appellant bears the burden of proving counsel was ineffective by a preponderance of the evidence. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The reasonableness of counsel's performance is judged under prevailing professional norms. *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. at 2064-5. Our review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. at 2065; *Thompson v. State*, 9 S.W.3d at 813. Under the second prong of the test, a reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2068; *Thompson v. State*, 9 S.W.3d at 812.

In *Padilla v. Kentucky*, the United States Supreme Court held that "advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel" and that "counsel must inform her client whether his plea carries a risk of deportation." *Padilla v. Kentucky*, 559 U.S. 356, 366-7, 130 S.Ct. 1482, 176 L.Ed.2d 294 (2010). The Court stated:

> Immigration law can be complex, and it is a legal specialty of its own. Some members of the bar who represent clients facing criminal charges, in either state or federal court or both, may not be well versed in it. There will,

therefore, undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain. The duty of the private practitioner in such cases is more limited. When the law is not succinct and straightforward (as it is in many of the scenarios posited by Justice Alito), a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear … the duty to give correct advice is equally clear.

*Padilla v. Kentucky*, 559 U.S. at 369, 130 S.Ct. at 1483, 176 L.Ed.2d at 296.

In his affidavit, Lopez's trial counsel states that:

> At the start of our representation, Mr. Lopez advised me that he was not a United States citizen, and further that he was in the country illegally. From the beginning of his case, Mr. Lopez immigration status was a complicating factor. The State had offered to place Mr. Lopez on a five year straight probation, with a $1000 fine, 200 hours of community service, and ten days in jail as a condition of probation in this case. Jail time as a condition of probation is common in Brazos County.
>
> Mr. Lopez was afraid to go to county jail. In Brazos County, the Sheriff generally notifies Immigration and Customs Enforcement when an inmate is in custody and he is not in the country legally. It was therefore extremely likely that Mr. Lopez would have been deported if he had to serve these ten days. This was Mr. Lopez's pressing concern in this case.
>
> On April 7, 2011, I again met with Mr. Lopez and reviewed the facts and discovery with him that I had received from the prosecutor. The prosecutor waived the requirement of serving ten days in jail if we accepted the offer in Court on April 8, 2011. She also made an alternate offer of a seven year deferred adjudication.
>
> On April 8, the prosecutor again agreed to lower the offer, to a five year deferred adjudication with no jail time. During the entire pendency of the case, the immigration consequences of Mr. Lopez case were considered. I told Mr. Lopez that there were immigration consequences to him entering a plea of guilt. I informed him that the deferred adjudication was certainly preferable to a conviction as far as Texas law is concerned, in that it is not a conviction, and under some circumstances can be sealed. But I also informed Mr. Lopez that a deferred adjudication would be considered a conviction for immigration purposes. I also informed him that the plea of guilty would be used against him, and that if he came to be in immigration custody, he would likely be deported, denied re-entry into the United States, and he would be denied naturalization or citizenship if he applied.

I reset his case to May 4, 2011. At that time, I reviewed the plea paperwork with Mr. Lopez again, and reiterated that his case would likely be used against him for immigration purposes. The Court also informed Mr. Lopez about the immigration consequences of his plea. The plea paperwork also informed Mr. Lopez of this fact.

Because I handle many cases with non-citizens, I also try to keep up to date on immigration matters and how they interact with criminal cases. In 2011, I participated in a CLE called "Advising Immigrant Defendants after Padilla." I have also read a significant number of legal materials dealing with this issue, have attended numerous CLE dealing with this issue, and have purchased publications to research this matter. My office frequently consults with an immigration attorney in Houston and we always encourage clients to retain an immigration attorney when they are not citizens.

Because this case involved attempted drug dealing to a minor, I believed that it would be an Aggravated Felony for purposes of Immigration Law. That is why I advised Mr. Lopez he would be unable to repair his immigration status in the future. Mr. Lopez's main concern in this case was the very likely probability of deportation in the event that he received ten days as a condition of probation. Once the prosecutor removed that condition, Mr. Lopez no longer wanted to go to trial.

Lopez argues that he received ineffective assistance of counsel because his trial counsel "failed to correctly advise [him] that his plea of guilty would constitute a conviction under immigration law, and that pleading to the offense at issue would make him preemptively deportable." Trial counsel's affidavit indicates that he informed Lopez about the immigration consequences of his plea. He informed Lopez that the offense would be considered an aggravated felony under immigration law and that he would likely be deported. Trial counsel further informed Lopez that he would be denied re-entry into the United States and denied naturalization or citizenship if he applied.

Lopez failed to prove, by a preponderance of the evidence, that his counsel's advice was outside the range of competent representation demanded of attorneys in criminal cases. We overrule the first issue.

**Trial Court Admonishments**

In the second issue, Lopez argues that the "admonishments of the trial court, or the plea papers, cannot substitute for the advice of trial counsel, even under a 'totality of the representation analysis.'" Article 23.16 of the Code of Criminal Procedure provides that prior to accepting a guilty plea, the trial court shall admonish the defendant of "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law." TEX. CODE CRIM. PRO. ANN. Art. 26.13 (a) (4) (West Supp. 2014). The trial court may make the admonishments either orally or in writing. TEX. CODE CRIM. PRO. ANN. Art. 26.13 (d) (West Supp. 2014). When the trial court substantially complies with article 26.13, it creates a prima facie showing that the defendant's guilty plea was entered knowingly and voluntarily. *See Hughes v. State*, 833 S.W.2d 137, 140 (Tex. Crim. App. 1992). The trial court admonished Lopez as follows:

Trial Court: Mr. Lopez, ah, where were you born?

Lopez: In Mexico.

Trial Court: … are you a US citizen?

Lopez: No ma'am

Trial Court: Do you understand that by pleading guilty, it could affect your ability to become a US citizen?

Lopez: Yes ma'am.

Trial Court: That they can use this, ah, I know it's a call for deferred and if I accept it, it will be deferred but they could use this to keep you from obtaining your citizenship?

Lopez: I understand, ma'am.

Trial Court: Do you also understand that it could be used to deport you?

Lopez: Yes ma'am.

Trial Court: It could be used that if you are deported, it could be used to keep you from being allowed legal re-entry back into this country? You understand that?

Lopez: Yes ma'am.

Trial Court: Understanding these things do you still wish to ask the court to accept this agreement?
Lopez: Yes ma'am.

Lopez's trial counsel informed Lopez of the immigration consequences of his plea. The trial court further admonished Lopez on the immigration consequences of his plea, and Lopez indicated that he understood the consequences. The record supports the trial court's finding that Lopez "was warned, prior to his plea, about the immigration consequences of his plea by: his attorney, Louis Gimbert; the trial court, and the plea papers that he signed and acknowledged that he understood." We overrule the second issue.

### Evidentiary Hearing

In the third issue, Lopez complains that the trial court erred in determining that there was no fact in issue requiring an evidentiary hearing. Article 11.072, section 6 provides in pertinent part:

(a) Not later than the 60th day after the day on which the state's answer is filed, the trial court shall enter a written order granting or denying the relief sought in the application.

(b) In making its determination, the court may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection.

TEX. CODE CRIM. PRO. ANN. art. 11.072, § 6(a)-(c) (West 2015).  Article 11.072 does not require an evidentiary hearing to resolve controverted facts.  *See Ex parte Gonzalez*, 323 S.W.3d 557, 558 (Tex.App.-Waco 2010, pet. ref'd).  The record shows that Lopez filed an affidavit in support of his application for writ of habeas corpus.  Lopez also filed the affidavit of an attorney who specializes in immigration law in support of his application for writ of habeas corpus.  Lopez's trial attorney filed an affidavit in response to the allegations.  The record also included a transcript of the of the plea hearing.  Lopez has not shown that the trial court abused its discretion in denying the evidentiary hearing. We overrule the third issue.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed August 13, 2015
Do not publish
[CR25]

